LFC LESSORS, INC., Plaintiff, Appellant,

v.

PACIFIC SEWER MAINTENANCE CORP., Defendant, Appellee.

No. 84–1013.

United States Court of Appeals, First Circuit.

Argued May 11, 1984.

Decided July 11, 1984.

James-Menzies Shannon, Lynnfield, Mass., with whom Joseph Stephen Provanzano, and Hayt, Hayt & Landau, Lynnfield, Mass., were on brief, for plaintiff, appellant.

* Of the District of Rhode Island, sitting by desig-

Myer J. Cohen, Boston, Mass., for defendant, appellee.

Before COFFIN and BOWNES, Circuit Judges, and PETTINE,* Senior District Judge.

PETTINE, Senior District Judge.

Plaintiff/appellant LFC Lessors, Inc. appeals from the district court's allowance of defendant/appellee Pacific Sewer Maintenance Corporation's motion to dismiss. The action arose out of a contract executed by the parties in 1980 for the lease of office equipment. LFC alleges that Pacific Sewer has defaulted under the contract by failing to pay the monthly rental charges on the equipment and by failing to return certain equipment to LFC.

Pacific Sewer's motion to dismiss was pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(3) and was based upon three grounds. Pacific Sewer alleged that

1.  The amount in controversy involved in this action does not exceed the requisite amount of Ten Thousand Dollars ($10,000), exclusive of interest and costs;

2.  Under the provisions of the contract between the parties, drafted by the plaintiff, this Court lacks subject matter jurisdiction; and

3.  Under the provisions of the contract between the parties, the venue of this action is not properly in this Court.

Appellee's Appendix at 2.

As stated above, the motion to dismiss was granted, but the district court made no findings of fact or conclusions of law; indeed, the court did not even file an opinion. Therefore, we come to this appeal without knowledge of the trial judge's reasoning.

◼ We turn first to Pacific Sewer's argument that the district court was without jurisdiction to hear this diversity case because the amount in controversy was less than $10,000. *See* 28 U.S.C. § 1332(a). Pa-

nation.

cific Sewer says that the action is founded on twenty-four months of disputed rental payments, said by Pacific Sewer to total $10,289.52. However, Pacific Sewer attached to its memorandum in support of its motion to dismiss copies of four checks to LFC for a total amount of $299.77 and a copy of its "payment record." These copies, says Pacific Sewer, reflect a reduction of the amount in dispute to $9989.75, about ten dollars less than the jurisdictional amount. LFC, on the other hand, alleges damages of $12,270.42. Pacific Sewer does not allege that LFC has claimed this amount in bad faith. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). And even if the copies submitted by Pacific Sewer are accepted as decreasing the amount in dispute by $299.77, it is not a " 'legal certainty that the claim is really for less than the jurisdictional amount' "; therefore, a dismissal on these grounds would not have been justified. *Local Division No. 714, Amalgamated Transit Union v. Greater Portland Transit District*, 589 F.2d 1, 9 (1st Cir.1978) (quoting *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 590). Accordingly, we conclude that Pacific Sewer's allegation that the suit did not present the necessary amount in controversy is not an adequate basis for the district court's dismissal of the case, and we will assume that in fact it was not the basis.

As noted above, Pacific Sewer also argues that the suit was dismissed properly because the contract's forum selection clause deprived the district court of both subject matter jurisdiction and venue. The clause states in its entirety:

This Agreement shall be considered to be a MASSACHUSETTS contract and shall be deemed to have been made in Suffolk County, Massachusetts, regardless of the order in which the signatures of the parties shall be affixed hereto, and shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts.

Appellant's Brief at 51.

Pacific Sewer says that the clause means that the contract is enforceable only in the Massachusetts *state* courts. LFC, as one might guess, argues that the clause also allows suit to be filed in a Massachusetts *federal* district court. The problem, then, is whether the phrase "in accordance with the law, and in the courts, of the Commonwealth of Massachusetts" is a term of sovereignty or simply a term of geography. *See City of New York v. Pullman Inc.*, 477 F.Supp. 438, 442 (S.D.N.Y.1979), *aff'd*, 662 F.2d 910 (2d Cir.1981), *cert. denied sub nom., Rockwell International Corp. v. City of New York*, 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982).[1]

■ Whatever the correct meaning of the phrase, it is clear that both Pacific Sewer and LFC have misperceived the effect of forum selection clauses in general.

[S]uch a provision does not oust the jurisdiction of the courts; in effect it merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction. There will always be open to either party the opportunity to present whatever evidence will move a court in the particular circumstances not to decline to exercise its undoubted jurisdiction.

*Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d Cir. 1966).

---

1. At this juncture we should note that forum selection clauses have not always been well received by the courts. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Today, however, the "vast majority of courts" follow the rule that forum selection clauses "are prima facie valid and will be upheld absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of the forum." *Richardson Greenshields Securities, Inc. v. Metz*, 566 F.Supp. 131, 133 (S.D.N.Y. 1983). *See also Intermountain Systems, Inc. v. Edsall Construction Co.*, 575 F.Supp. 1195, 1197 (D.Colo.1983). No such showing has been made in this case.

To argue, then, that the forum selection clause quoted above deprives the federal district court in Massachusetts of jurisdiction and venue is simply off the mark. The court's subject matter jurisdiction was properly based on diversity of citizenship, and, as we have already explained, the suit appears to present the requisite amount in controversy. Likewise, venue in the District of Massachusetts is proper under 28 U.S.C. § 1391(a), since it is uncontested both that LFC, the single plaintiff, is a resident of Massachusetts and that the contract was made there.

With this analysis in mind, one recognizes the inappositeness of Pacific Sewer's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(3). Instead, the motion should have been filed under 12(b)(6), urging dismissal for failure to state a claim upon which relief can be granted, *see Central Contracting*, 367 F.2d at 343, and we will treat it as such here. Again, because the district judge did not file an opinion, we do not know if he approached the motion in this same manner. This uncertainty matters not, however, since "[a]n appellate court can ... affirm a judgment on any ground that, as a matter of law, sustains the judgment, whether or not it finds that the judgment is supported by the reasoning of the court below," 2 Fed.Proc., L.Ed. § 3:685 (1981) (citations omitted), assuming, of course, that affirmance is otherwise appropriate. *Cf. Carr v. Learner*, 547 F.2d 135, 137 (1st Cir.1976) ("While we tend to think that dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim might have been more appropriate than dismissal for want of subject matter jurisdiction, we are not bound by the label employed below, and we agree that the case should have been dismissed." (citations omitted)).

Returning to the matter of the forum selection clause, we note first that the clause is at least somewhat ambiguous. The phrase "courts *of* Massachusetts" (emphasis added) could mean all the courts physically within the state or only those courts that trace their origin to the state, *i.e.*, the Massachusetts state courts. *See* Black's Law Dictionary (5th ed. 1979). We

think, however, that the latter meaning is more likely to have been intended by the parties. The phrase appears in the contract as follows: "in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." In this context, "in accordance with the law" and "in the courts" are parallel structures, both in effect followed by "of the Commonwealth of Massachusetts." The passage might have read "in accordance with the law of the Commonwealth of Massachusetts and in the courts of the Commonwealth of Massachusetts", but instead the passage was written to avoid this repetition by dovetailing "in accordance with the law" and "in the courts" into a single "of the Commonwealth of Massachusetts." The point, though, is that the intended meaning of the word "of" in this context must be the meaning that is appropriate for both of the parallel structures.

■ A metaphorical test drive of the two possible meanings may clarify the matter. To be sure, both "in the courts that trace their origin to the state" and "in the courts physically within the state" cruise the syntactic highway with ease. Significantly, so does "in accordance with the law that traces its origin to the state." On the other hand, "in accordance with the law physically within the state" has not a drop of the fuel of logic and never leaves the driveway. Therefore, the word "of" as it appears in the phrase in question must have been intended to restrict the meaning of both "law" and "courts" to those that trace their origin to the state. Accordingly, we deduce that the phrase in question was intended to mean that all actions on this contract must be brought in the Massachusetts state courts.

■ Furthermore, even if we were to agree that the phrase is completely ambiguous, so that neither possible meaning was more likely to have been intended than the other, a fundamental principle would control: an ambiguous contract should be construed against the drafting party, which in this case is LFC. *See Chelsea Industries,*

*Inc. v. Accuray Leasing Corp.,* 699 F.2d 58, 61 (1st Cir.1983); *Ferber Co. v. Ondrick,* 310 F.2d 462, 465 (1st Cir.1962), *cert. denied,* 373 U.S. 911, 83 S.Ct. 1300, 10 L.Ed.2d 412 (1963). To construe the clause against LFC is to say that an action on this contract should be brought in the Massachusetts state courts only and, therefore, that the district court did not commit error in dismissing the suit.

In light of the above, we conclude that the district court's allowance of Pacific Sewer's motion to dismiss was proper. The decision of the district court is AFFIRMED.

* Of the District of Rhode Island, sitting by desig-