**James GRISSOM, Elaine Grissom, and the conjugal partnership they comprise, Plaintiffs,**

v.

**Michael COLOTTI, Defendant.**

**Civ. No. 85–0028 (JAF).**

United States District Court,
D. Puerto Rico.

Sept. 29, 1986.

Iván C. Reichard, Woods & Woods, Hato Rey, P.R., for plaintiffs.

Miguel A. Cuadros-Pesquera, Cuadros & Cuadros, San Juan, P.R., for defendant.

### MEMORANDUM OPINION AND ORDER

FUSTE, District Judge.

We now decide that a forum selection clause contained in a lease agreement, whereby the parties agreed to submit their contractual disputes to the Superior Court of Puerto Rico, is a valid exercise of con-

tractual reciprocal obligations. The complaint filed in the federal court will be dismissed without prejudice of litigation before the local forum.

The controversy arises from a two-year lease over real property, executed by the parties on May 21, 1983. In case of early termination of the contract, defendant-lessee was bound by a three-month rent penal clause. According to the complaint, defendant vacated the premises and refused to honor the contractual penal clause which called for a payment of $7,500. *See* arts. 1106–1109, Puerto Rico Civil Code (1930) ("C.C."), 31 L.P.R.A. secs. 3131–3134. On January 4, 1985, plaintiffs-lessors filed this complaint seeking damages for termination of the lease, loss of future income, and damages to the property. Jurisdiction has been invoked under 28 U.S.C. sec. 1332. It is claimed that the parties are of diverse citizenship, the amount in controversy exceeding $10,000, exclusive of interests and costs.[1]

On March 11, 1985, defendant Colotti filed a motion to dismiss purportedly for want of jurisdiction. A copy of the lease agreement was appended to the motion. Clause 18 of the agreement provides:

> For the interpretation of this contract and for any action that might arise from it, the parties submit themselves voluntarily to the jurisdiction of the Superior Court of the Commonwealth of Puerto Rico, San Juan Section.

Plaintiffs oppose the motion alleging that the forum selection clause does not confer exclusive jurisdiction on the local court; that plaintiffs have a right to select the forum of their choice, and that the federal court has subject matter jurisdiction under 28 U.S.C. sec. 1332. Additional argument is made to the effect that a deferral to the local court would offend the constitutional guarantee to a trial by jury under the seventh amendment to the United States Constitution. Initially, this court, Acosta,

J., denied defendant's motion to dismiss. On April 4, 1986, defendant-lessee entered a special appearance and again challenged this court's jurisdiction. On June 12, 1986, we agreed to stay discovery pending resolution of this matter. We consider *de novo* defendant's contention as to the enforceability of a forum selection clause in a diversity case.

Colotti's motion of March 11, 1985 attacks the sufficiency of the complaint and is, properly-speaking, a motion for summary judgment, Fed.R.Civ.P. 56(c). If the material facts are undisputed, and if defendant is entitled to judgment as a matter of law, summary judgment will be entered. *See generally* C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* sec. 2725 at 75–112 (1983). This court will examine the record in the light most favorable to plaintiffs. Reasonable doubts in the record shall be resolved in their favor. *E.g., Hahn v. Sergent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed. 954 (1976). Summary judgment is an appropriate vehicle to assess the enforceability of a forum selection clause. *Fireman's Fund Amer. Ins. Cos. v. Puerto Rican For. Co., Inc.*, 492 F.2d 1294, 1296 (1st Cir.1974).[2]

At the outset, we note that both parties misperceive the nature of a forum selection clause. As a corollary to the liberty of contract contemplated in the Puerto Rico Civil Code, the parties can agree in advance to a specified forum capable of resolving their disputes. Even though a forum selection clause does not oust a federal court's diversity jurisdiction, *LFC Lessors, Inc. v. Pacific Sewer Maintenance*, 739 F.2d 4, 6, 7 (1st Cir.1984), if the clause is valid, the modern trend has been to honor the parties' intentions and to decline the exercise of federal jurisdiction. *See id.* at 6 n. 1, 7. In *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme

---

1. We do not pass upon the sufficiency of the monetary allegation under 28 U.S.C. sec. 1332. However doubtful, we give plaintiffs the benefit of having met the jurisdictional amount.

2. The case holds that a forum selection clause in a bill of lading where arm's-length negotiation did not take place between the parties is a valid contractual proposition.

Court recognized the validity of choice of forum clauses in private international agreements. Most courts have extended *M/S Bremen* to domestic disputes. *See Bense v. Interstate Battery System of America,* 683 F.2d 718, 721 (2d Cir.1982); *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* sec. 3803.1 at 21. A forum selection clause will be enforced unless the opposing party meets the heavy burden of showing its unreasonableness, unfairness, or that the clause was procured by fraud, over-reaching or "overweening bargaining power." *M/S Bremen,* 407 U.S. at 12–13, 15–16, 92 S.Ct. 1914–15, 1916; *cf. Fireman's Fund Amer. Ins. Cos., supra.* Even if the clause appears to be presumptively reasonable, it will not be implemented when it offends a legitimate public policy of the forum state. *Id.* at 15, 92 S.Ct. at 1916.

Plaintiffs have failed to show how the selection of the Superior Court of Puerto Rico, San Juan Part, to resolve what amounts to a purely local controversy, is offensive to public policy. In Puerto Rico, once a contract has been "perfected", the parties are to abide in good faith by its terms. Art. 1210 C.C., 31 L.P.R.A. sec. 3375. A contract is "perfected" with the concurrence of a complete offer and an acceptance. *Prods. Tommy Muñiz v. CO-PAN,* 113 D.P.R. 517, 521–25 (1982). The fulfillment of an obligation cannot be left to the whim of one of the parties. Art. 1208 C.C., 31 L.P.R.A. sec. 3373. A valid contract has the force of law. Art. 1044 C.C., 31 L.P.R.A. sec. 2994. Thus, a contract will be enforced unless it is contrary to law, morals, or public policy. Arts. 4, 1223, 1227 C.C., 31 L.P.R.A. secs. 4, 3421, 3432. These are the only limitations to the freedom or liberty of contracting.

In *Walborg Corp. v. Superior Court,* 104 D.P.R. 184 (1975), the Supreme Court of Puerto Rico carved out an exception to the parties' freedom of contract. There, a manufacturer and a distributor had agreed to arbitrate any commercial dispute arising from an agreement. The court found that the Puerto Rico Dealers' Act, 10 L.P.R.A. secs. 278–278d (1966), expressly conferred a *judicial* remedy for the economic disparity between manufacturers and distributors. The court held that the public policy favoring judicial review of Dealers' Act claims outweighed the parties' legitimate expectations of arbitration. Here, contrary to *Walborg,* plaintiffs have not met the burden of showing that a forum selection clause in a lease is prohibited by law or that public policy disfavors its enforcement. To the contrary, choice of forum clauses are not only consistent with the parties' freedom of contract (*pacta sunt servanda*), but with the constitutional mandate of a unified General Court of Justice in Puerto Rico. Any superior or district court in Puerto Rico having jurisdiction over a dispute is "competent" to hear the case. 4 L.P.R.A. sec. 62 (1952). The system is unified in the sense that a case cannot be dismissed for want of competence, but simply removed to the section or part having competence to hear the claims. *Id.* Accordingly, a judgment entered by a local tribunal without competence over the subject matter is still valid if the parties and the court expressly or implicitly consented to that court hearing the case. *Ramírez v. Registrador,* 85 J.T.S. 57 at 4044 (1985). The consent of the parties in the selection of a forum, and its critical role in the constitutional structure of the Commonwealth courts, cannot be any less significant when interpreting private contracts. Therefore, we hold that a forum selection clause like the one under consideration is not offensive to Puerto Rico's public policy.

Regarding the enforceability of Clause 18, we turn to *LFC Lessors, Inc.,* 739 F.2d at 4. *LFC* was a diversity case initially filed in the United States District Court for the District of Massachusetts. The lessee moved to dismiss on the basis of a forum selection clause providing that "[the lease] ... shall be interpreted, and the rights and liabilities of the parties ... determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts." *Id.* at 6. Although the clause was ambiguous, the First Circuit found that the parties

had intended to litigate before the Massachusetts *state* courts. *Id.* at 7. Because no showing of fraud, unreasonableness, or a strong contravening public policy was made, the First Circuit enforced the stipulation.

This is a stronger case for honoring the forum selection clause than *LFC Lessors, Inc.* From the terms of clause 18, this action—based on the unilateral termination by the lessee—clearly "arises" from the contract. *See Bense,* 683 F.2d at 720. Further, there is no need to interpret the lease agreement because clause 18 *expressly* directs the parties to the local court, distinct from *LFC Lessors, Inc. See* Art. 1233 C.C., 31 L.P.R.A. sec. 3471. Most important, plaintiffs have not produced even a scintilla of evidence showing that the clause was fraudulent or unreasonable. *M/S Bremen,* 407 U.S. at 12–13, 15–16, 92 S.Ct. at 1914–15, 1916.

In an effort to circumvent the clear language of the lease, plaintiffs also contend that its enforcement would offend the seventh amendment right to a trial by jury.[3] We disagree. It is settled that the right to trial by jury at common law in the federal courts does not apply to the states through the fourteenth amendment. *Minneapolis & St.L.R.R. v. Bombolis,* 241 U.S. 211, 217, 36 S.Ct. 595, 596, 60 L.Ed. 961 (1916). At the time the parties contracted in 1983, the Puerto Rico Constitution clearly did not mandate a trial by jury in civil litigation before the local courts. *García Mercado v. Superior Court,* 99 D.P.R. 293, 297 (1970), *cert. denied,* 401 U.S. 1003, 91 S.Ct. 1229, 28 L.Ed.2d 539 (1971). Plaintiffs' ignorance of the law is no excuse. Art. 2 C.C., 31 L.P.R.A. sec. 2. They cannot bank on such claim of alleged innocence. We further hold that due process is not offended when parties voluntarily bargain for a result which effectively waives a constitutional guarantee such as trial by jury, all in the context of a civil case. *USM Corp. v. GKN Fasteners, Ltd.,* 574 F.2d 17, 19 n. 3 (1st Cir.1978); *Hoes of America,*

*Inc. v. Hoes,* 493 F.Supp. 1205, 1209–10 (C.D.Ill.1979).

There being no genuine issue of material fact as to the enforceability of the forum selection clause, defendant's motion for summary judgment is GRANTED. The complaint is hereby DISMISSED.

IT IS SO ORDERED.