**AMERICAN PERFORMANCE, INC., a Colorado Corporation, Plaintiff,**

v.

**Robert S. SANFORD and Bruner R. Dicus, Defendants.**

Civ. A. No. 90–T–385–S.

United States District Court,
M.D. Alabama, S.D.

Aug. 24, 1990.

Simeon F. Penton, Montgomery, Ala., for plaintiff.

Joe S. Pittman, J. Stafford Pittman, Enterprise, Ala., for defendants.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

Plaintiff American Performance has brought this action against defendants Robert S. Sanford and Bruner R. Dicus, claiming breach of contract and fraudulent misrepresentation, arising out of a written agreement between the parties. The original jurisdiction of the court has been invoked pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship). The court now has before it defendants' motion to dismiss this case because of a forum selection clause in the contract. The court concludes, based on federal law, that the clause requires the case to be dismissed, albeit without prejudice.[1]

### I.

Sanford and Dicus entered into a "stock purchase agreement" to sell to American Performance their interest in "Alfab, Inc.," an Alabama Corporation. The agreement contains a clause which requires that any lawsuit arising out of the contract must be brought in the Enterprise Division of the Circuit Court of Coffee County, Alabama. The clause reads as follows:

[A]ny court action made necessary by the failure of the parties to agree shall be brought by the complaining party in the Circuit Court of Coffee County, Alabama, Enterprise Division, and in no other jurisdiction. In such court action the parties agree that the controversy be submitted to the court without the intervention or use of the jury system in order to expedite the settlement of any controversy.[2]

---

1. Although Sanford and Dicus do not explicitly rely upon Fed.R.Civ.P. 12(b)(6), the court is of the opinion that the forum selection clause at issue does not, as Sanford and Dicus argue, deprive the court of jurisdiction or venue, but rather renders American Performance's claim one upon which relief cannot be granted. *See LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.,* 739 F.2d 4, 6–7 (1st Cir.1984).

2. In briefs and oral argument, the parties have also addressed the implications of a clause in the contract requiring binding arbitration of any dispute arising out of the agreement. However, because the court finds, as a threshold matter, that the choice-of-forum provision is enforceable, there is no need to reach the issue of the arbitration clause. Whether arbitration can be compelled in this case is a question to be decided by the appropriate state court, should American Performance choose to refile this lawsuit. Moreover, this court's ruling in no way precludes American Performance from bringing suit in a state court other than the Circuit Court of Coffee County, and seeking there to avoid enforcement of the forum choice agreement by relying on state law.

The defendants contend that this clause requires that the court dismiss this lawsuit which has been bought in the United States District Court of the Middle District of Alabama.

## II.

As with other recent decisions in which federal courts in diversity cases have been asked to honor forum selection agreements, this case poses an *"Erie* choice." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 26, 108 S.Ct. 2239, 2242, 101 L.Ed.2d 22 (1988). *See also Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). It presents a conflict between Alabama law, which disfavors enforcement of all kinds of choice-of-forum clauses, *see Keelean v. Central Bank of the South,* 544 So.2d 153 (Ala.1989), and federal judge-made law, which considers such clauses presumptively valid. *See M/S Bremen v. Zapata Off–Shore Company,* 407 U.S. 1, 10, 15, 92 S.Ct. 1907, 1913, 1916, 32 L.Ed.2d 513 (1972). The court concludes that in this case federal law should determine whether this court must honor the forum clause.

### A.

*Stewart Organization* is the Supreme Court's most recent word on the choice between state and federal law in the forum selection context. Although factually distinguishable, it establishes the appropriate framework through which to resolve the choice-of-law problem in this case. There, the Supreme Court found a conflict between Alabama law, which forbade transfer of the case from a federal court in Alabama to one in New York pursuant to enforcement of a forum selection clause, and a federal statute, 28 U.S.C.A. § 1404(a), which grants a federal district court broad discretion to transfer a case to another federal court "for the convenience of parties and witnesses, in the interest of justice." 487 U.S. at 30, 108 S.Ct. at 2244. The Court said that under the test set forth in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct.

1136, 14 L.Ed.2d 8 (1965), the federal statute represented a "fair exercise of Congress's authority under the Constitution" and the Rules Enabling Act, 28 U.S.C.A. § 2072, and therefore controlled the issue of the enforceability of the choice-of-forum agreement. *Stewart Organization,* 487 U.S. at 30–33, 108 S.Ct. at 2242–45.[3]

The Supreme Court was careful to note, however, that the choice-of-law inquiry there hinged on the fact that the case involved the transfer of venue from one federal court to another and thus specifically imbricated a federal statute. The Court indicated that, absent a federal statute or rule of civil procedure, a district court confronted with a choice-of-law problem should use the two-pronged test originally suggested in *Hanna,* 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9. The trial court should apply federal judge-made law, unless it would "disserve the so-called twin aims of the *Erie* rule," which are: (1) the "discouragement of forum-shopping," and (2) the "avoidance of inequitable administration of the laws." *Stewart Organization,* 487 U.S. at 27 n. 6, 108 S.Ct. at 2243 n. 6 (citation omitted).

Since *Stewart Organization,* several lower federal courts have been required to decide whether to apply state or federal law to determine the enforceability of a forum selection clause in cases where no federal statute or rule of civil procedure controlled the issue. As suggested in *Stewart Organization,* these courts have resorted to the two-pronged *Hanna* test. *See, e.g., Alexander Proudfoot Co. World Headquarters v. Thayer,* 877 F.2d 912, 917–18 (11th Cir.1989) (clause according to which defendant consented to personal jurisdiction in particular state); *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 512–13 (9th Cir.1988) (clause requiring litigation in foreign country). As in these cases, here there is no federal statute or rule of civil procedure that directs this court whether to honor the agreement requiring any lawsuit be brought only in the

---

**3.** The Supreme Court remanded the case to the District Court to perform the requisite § 1404(a) analysis, instructing the lower court to consider the forum-selection-clause as one factor in this calculus. *Stewart Organization,* 487 U.S. at 30–33, 108 S.Ct. at 2244–45.

Circuit Court of Coffee County, Alabama. This court will therefore apply the two-part *Hanna* test.

### B.

The scope of the federal and state law sought to be applied and the conflict between them is clear in this case. Federal judge-made law generally favors the enforcement of choice-of-forum clauses, absent exceptional circumstances such as evidence of fraud, unequal bargaining power, or serious inconvenience. *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 518–19, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974) ("a forum clause should control absent a strong showing that it should be set aside"); *M/S Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916 (forum choice agreement should be enforced unless party challenging it clearly "can show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching").[4] Because Sanford and Dicus have not presented evidence of such exceptional circumstances, federal law would command that the choice-of-forum agreement between the parties be enforced. On the other hand, under Alabama law, because contractual choice-of-forum provisions of any kind are not enforceable, the clause in this case would be invalidated. *See Keelean v. Central Bank of the South*, 544 So.2d 153 (Ala.1989).[5]

In resolving the above conflict, the court must, as stated, be guided by the so-called twin aims of *Erie*. The first prong of this test, involving the concern over forum shopping, demands that the court inquire whether application of state law "would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court." *Proudfoot*, 877 F.2d at 918, *quot-*

*ing Hanna*, 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9. The risk of "forum shopping" refers to the possibility that application of federal law in a diversity action might make federal court a *more* attractive forum for such suits than state court, *not* a *less* favorable one; federal law does not trench on any state interests when it limits rather than expands the reach of the federal courts sitting in diversity. *See Proudfoot*, 877 F.2d at 918–19, *citing Hanna*, 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9.

It is clear that application of federal law and enforcement of the forum selection agreement in this case would not make the initial choice of federal court a more favorable one in relation to state court, for such a holding would require dismissal of the action by this court. In contrast, American Performance was and is free to initiate litigation in the contractually agreed-upon forum, the Circuit Court of Coffee County, Alabama. American Performance may also attempt to bring suit in a different Alabama state court, relying on *Keelean* to argue that the forum-choice provision is unenforceable under state law.

The second aim of *Erie* is the avoidance of inequitable administration of the laws. To analyze the choice-of-law issue in light of this purpose, a court must ask "whether the state law is so important to the litigation that failure to enforce it would unfairly discriminate against citizens of the forum state." *Proudfoot*, 877 F.2d at 919, *quoting Hanna*, 380 U.S. at 468 n. 9, 85 S.Ct. at 1142 n. 9. *See also Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–3, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). In this case, the use of federal law to uphold the forum selection clause would bar suit in federal district court and simply offer the out-of-state plaintiff, American Performance, the same options available to

---

4. *See also In re Ricoh Corp.*, 870 F.2d 570, 573–74 (11th Cir.1989); *Manetti–Farrow*, 858 F.2d at 512–13; *Tisdale v. Shell Oil Co.*, 723 F.Supp. 653, 655–56, 661 (M.D.Ala.1987).

5. In *Keelean*, the Alabama Supreme Court refused to abide by a forum selection clause which limited litigation to Jefferson County. The court concluded:

Thus, we treat forum selection clauses as invalid, and we cannot consider this one valid simply because it does not *divest* an Alabama court of jurisdiction. We expressly hold, also, that [this rule] includes personal jurisdiction as well as subject matter jurisdiction.

544 So.2d at 156 (emphasis added).

an Alabama citizen in the same circumstances, namely an action in state court.

### III.

The court therefore holds that the forum selection clause in the agreement between American Performance and the defendants must be enforced and this lawsuit dismissed. As explained above, federal and not state law should apply and, under federal law, the forum selection clause is valid and enforceable. *See Jones v. Weibrecht,* 901 F.2d 17, 18–19 (2nd Cir.1990) (applying federal law to enforce clause designating particular state court as exclusive forum for litigation).[6]

An appropriate judgment will therefore be entered, dismissing this lawsuit without prejudice.

---

6. Although in *Jones,* the Second Circuit did not explicitly engage in the two-prong analysis of *Hanna,* it did apply federal law and uphold a choice-of-forum provision almost identical to the one in this case. *See also LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.,* 739 F.2d 4, 6–7 (1st Cir.1984).