**In re Charles B. BROWN and Marilyn E. Brown, Debtors.**

**Charles B. BROWN and Marilyn E. Brown, Plaintiffs,**

**v.**

**LLOYD'S a/k/a Lloyd's of London, Defendant.**

Bankruptcy No. 97–44809–H3–7.
Adversary No. 97–4267.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Oct. 3, 1997.

Keith P. Ellison, Attorney at Law, Houston, TX, for Debtors.

Pamela G. Johnson, Baker & Hostetler, Houston, TX, Trustee.

J. Clifford Gunter, Bracewell & Patterson, Houston, TX, for Defendant.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has considered Defendant's Motion to Dismiss the above captioned adversary proceeding (Docket No. 7). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion, and a separate Expedited Pretrial Order will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any

1. The court notes that the Fifth Circuit's ruling in

of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## BACKGROUND

Charles B. Brown and Marilyn E. Brown ("Debtors" or "Plaintiffs") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 7, 1997. On the same date, Debtors filed the instant adversary proceeding.

In the instant adversary proceeding, Debtors, who are investors in Lloyd's a/k/a Lloyd's of London ("Defendant"), allege that Defendant violated, prepetition, an agreement not to draw down letters of credit pending resolution of Defendant's claim against Debtors. Debtors seek equitable and injunctive relief requiring Defendant to reinstate the letters of credit that Defendant has previously drawn down, equitable and injunctive relief preventing Defendant from drawing down any of Plaintiffs' undrawn letters of credit, damages, an award of attorney's fees and costs, and such other and further relief to which Debtors may justly be entitled.

The documents attached to the complaint portray a substantial history of events prior to the filing of this suit. Plaintiffs had been advised by Lloyd's that they owed money as a result of certain losses sustained by Lloyd's insureds. Plaintiffs requested an accounting, and continue to do so. None has been forthcoming. Plaintiffs were assured in writing by Lloyd's that no letters of credit would be drawn upon until a particular representative of Lloyd's, who was "on holiday", had returned to address the matter with plaintiffs' attorney. Notwithstanding this assurance, Lloyd's drew down upon certain letters of credit without further word from the individual who had been "on holiday".

This case may, in part, be viewed as one in a series of cases brought by the United States investors who believe they have been defrauded by Lloyd's. The history of these cases, and a discussion of the nature of the insurance market that is Lloyd's, is provided in detail by the Fifth Circuit in its recent decision in *Haynsworth v. The Corporation,* 121 F.3d 956 (5th Cir.1997).[1] Indeed, coun-

*Haynsworth* is not yet final, as a petition for

sel for Lloyd's in the instant case also served as counsel for Lloyd's in the *Haynsworth* case.

The question this court must address is whether the fact that the Plaintiffs here have sought protection under the United States Bankruptcy Code, enables them to survive Lloyd's Motion to Dismiss this adversary proceeding. The court finds that at this early procedural stage dismissal is not proper.

In the instant motion, Defendant seeks dismissal on three grounds, based on a forum selection clause (the "Forum Selection Clause") contained in the underlying documents governing Debtors' relationship with Defendant. That clause provides:

> Each party hereto irrevocably agrees that the courts of England shall have exclusive jurisdiction to settle any dispute and/or controversy of whatsoever nature arising out of or relating to the Member's membership of, and/or underwriting of insurance business at, Lloyd's and that accordingly any suit, action or proceeding together in this Clause 2 referred to as "Proceedings" arising out of or relating to such matters shall be brought in such courts of England and irrevocably waives any objection which it may have now or hereafter to (a) any Proceedings being brought in any such court as is referred to in this Clause 2 and (b) any claim that such Proceedings have been brought in an inconvenient forum and further irrevocably agrees that a judgment in any Proceeding brought in the English courts shall be conclusive and binding upon each party and may be enforced in the courts of any other jurisdiction.

(Docket No. 7, at p. 6–7).

First, Defendant asserts that Debtors are precluded from challenging the Forum Selection Clause because they challenged the clause with respect to common law claims in another court. Second, Defendant asserts that the Forum Selection clause is enforceable against Debtors. Third, Defendant asserts that the complaint must be dismissed under the doctrine of forum non conveniens.

In the complaint in the instant adversary proceeding, Debtors allege that they were required by Defendant to obtain letters of credit to protect Defendant from loss if they failed to pay any amounts that they owed Defendant. Debtors allege that they obtained letters of credit from United States financial institutions, with Defendant listed as the beneficiary. Debtors allege that the letters of credit were collateralized with essentially all of Debtors' non-exempt assets.

Debtors' schedules in the above captioned bankruptcy case reflect non-exempt property in the amount of $51,645. This amount excludes municipal bonds held by Texas Commerce Bank as collateral for the letters of credit issued by First City National Bank.[2] Debtors list the value of these municipal bonds in their schedules to be $395,794. (Docket No. 1, Case No. 97–44809–H3–7).

On August 11, 1997, an Agreed Order was entered enjoining Defendant from taking any action to draw down an additional letter of credit prior to September 18, 1997. (Docket No. 17). That date has subsequently been extended to October 17, 1997. (Docket No. 19). The parties announced in open court at the September 17, 1997 hearing on the instant motion that the letters of credit expire by their own terms on December 31, 1997.

### DISCUSSION

Defendant seeks dismissal under Bankruptcy Rule 7012. The instant motion is silent as to the question of whether Defendant requests dismissal under Rule 12(b)(1) (lack of subject matter jurisdiction), Rule 12(b)(3) (improper venue), or Rule 12(b)(6) (failure to state a claim).

rehearing and a suggestion for rehearing en banc were filed on September 12, 1997, thus preventing the issuance of mandate by the Fifth Circuit. *See*, Fed.R.App.P. 41(a).

**2.** The court notes that First City Liquidating Trust, the successor in interest to First City National Bank, has filed a motion seeking relief from stay in order to allow it to liquidate Debtor's municipal bonds and apply the proceeds to Debtor's debt based on an agreement to repay the letters of credit.

The Supreme Court has not spoken to the issue of which rule governs dismissal on the grounds of a forum selection clause. Little consistency exists today between the Courts of Appeal, *see, e.g., Riley v. Kingsley Underwriting Agencies, Ltd.,* 969 F.2d 953, 956 (10th Cir.1992) (forum selection clauses often analyzed in context of motions to dismiss for improper venue); *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.,* 739 F.2d 4, 7 (1st Cir.1984) (dismissals based on forum selection clauses should be founded on Rule 12(b)(6) for failure to state a claim); *AVC Nederland B.V. v. Atrium Inv. Partnership,* 740 F.2d 148, 152 (2d Cir.1984) (dismissal sought pursuant to 12(b)(1) motion for lack of subject matter jurisdiction); *New Moon Shipping Co. v. Man B & W Diesel Ag,* 121 F.3d 24 (2d Cir.1997) (noting the lack of consistency).

The Fifth Circuit addressed, without deciding, the question of which section of Rule 12 governs in an opinion issued August 29, 1997, in the *Haynsworth* case, *supra.*

 In the instant case, the grounds asserted by Defendants for dismissal do not state a lack of subject matter jurisdiction. Defendant's argument for dismissal on grounds of forum non conveniens is essentially an objection to venue. Defendant's contentions that the Forum Selection Clause is binding and that Debtors are precluded from litigating the validity of the Forum Selection Clause are essentially allegations that the complaint fails to state a claim upon which relief can be granted.

If, on a motion asserting the defense of dismissal for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Federal Rule of Civil Procedure 12(b) as adopted by Bankruptcy Rule 7012(b). The parties have presented to the court matters outside the pleadings in the above captioned adversary proceeding. The court therefore considers the instant motion to be a motion for summary judgment pursuant to Bankruptcy Rule 7012(b) as to the grounds asserted other than forum non conveniens. The court takes judicial notice of the docket and file in this adversary proceeding and in the main bankruptcy case, Case No. 97–44809–H3–7.

## FORUM SELECTION CLAUSE

The United States Supreme Court has addressed the applicability and enforcement of forum selection clauses in international transactions. The Supreme Court set forth the standards for determining whether to enforce forum selection clauses.

 In *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that federal courts must presumptively enforce forum selection clauses in international transactions. The presumption of enforceability may be overcome by a clear showing that the clause is unreasonable under the circumstances. Unreasonableness potentially exists where 1) the incorporation into the agreement of the forum selection clause was the product of fraud or overreaching; 2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; 3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or 4) enforcement of the forum selection clause would contravene a strong public policy of the forum state. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

The Fifth Circuit addressed the issue of enforcement of a forum selection clause in *Haynsworth, supra.* In *Haynsworth,* suit was filed by several American investors (including Debtors), who had participated in Defendant's insurance business, **claiming fraud, breach of fiduciary duty, violations of the Texas Deceptive Trade Practice–Consumer Protection Act and violations of the Securities Act.** None of the investors at that time appear to have been in bankruptcy proceedings.

The Fifth Circuit held that determination of whether to enforce the Forum Selection Clause was a question of law, and that the standards for determining whether to enforce the Forum Selection Clause are those

set forth in *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *Haynsworth*, 121 F.3d at p. 960–62.

Applying *Bremen*, the Fifth Circuit rejected Haynsworth's contention that the Forum Selection Clause is "unreasonable" because it contravenes public policy as embodied in the antiwaiver provisions of federal securities law, Texas securities law, and the Texas Deceptive Trade Practices Act. *Haynsworth*, 121 F.3d 956, *citing Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996), *mandamus denied sub nom. In re Allen*, —— U.S. ——, 117 S.Ct. 2497, 138 L.Ed.2d 1004 (1997); *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229–32 (6th Cir.1995). *Roby v. Corporation of Lloyd's*, 996 F.2d 1353, 1366 (2d Cir.1993); *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir.1993); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 958 (10th Cir.1992). *But, c.f., Richards v. Lloyd's of London*, 107 F.3d 1422, 1424–30 (9th Cir.1997). The Fifth Circuit reasoned that insistence on the application of American securities law invited a parochial notion that all disputes in international business transactions must be resolved under our laws and in our courts, an approach rejected by the Supreme Court in *Bremen*. *Haynsworth*, 121 F.3d 956, *citing M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 518–21, 94 S.Ct. 2449, 2456–58, 41 L.Ed.2d 270 (1974).

None of the cases considered above have dealt with the unique issues presented when a forum selection clause is to be given effect in conjunction with the federal Bankruptcy Code, where the enforcement of that forum selection clause will result in a denial of the benefits and protections accorded by the Code to Debtors, creditors, and the bankruptcy estate.

In essence, the issue for determination by this court on the motion to dismiss is not solely whether this court (or the Federal District Court, in which original jurisdiction resides) should address an international business transaction dispute. The threshold issue is whether Debtors will be allowed to utilize the federal bankruptcy laws of the United States, and whether the Debtors,

their creditors and the estate will get the same guarantees, rights, protections, and opportunities as does any other Debtor, creditor or estate in the United States that avails itself of this federal statute.

The Fifth Circuit has addressed the conflict between on the one hand, litigation in bankruptcy court, and, on the other, the mandates of a contractual arbitration clause. In *Matter of National Gypsum Co.*, 118 F.3d 1056 (5th Cir.1997), the Fifth Circuit held that the bankruptcy court had discretion to refuse to enforce an arbitration clause, on the grounds that the arbitration clause was inconsistent with the Bankruptcy Code, including the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders (in that case, the discharge injunction). *National Gypsum*, 118 F.3d, at p. 1069. *See also, Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1155 (3d Cir.1989); *In re Barney's Inc.*, 206 B.R. 336 (Bankr.S.D.N.Y.1997); *In re Dunes Hotel Assoc.*, 194 B.R. 967 (Bankr. D.S.C.1995).

The plaintiffs in the instant case are bankrupt. They have voluntarily invoked the protections of the United States Bankruptcy Code by filing a bankruptcy petition. These protections include invocation of a stay, applicable to all entities, of, *inter alia*, the commencement of an action or proceeding against the debtor, or to recover a claim against the debtor; or any act to collect, assess, or recover a claim against the debtor. 11 U.S.C. §§ 362(a)(1); 362(a)(6). The stay is currently in effect. These protections also include certain "strongarm" powers which can be invoked by the trustee in Bankruptcy, *inter alia*, to avoid certain transfers of the debtor's property which occurred immediately prior to the filing of the debtor's petition, and which occurred while the debtor was insolvent, or which caused debtor to become insolvent. 11 U.S.C. §§ 544, 547, 548, and 549. Proceedings under these sections are "core" proceedings. 28 U.S.C. § 157(b). In a chapter 7 proceeding, these "strong arm" powers are exercised by the chapter 7 trust-

ee on behalf of the bankruptcy estate; in a chapter 11 proceeding the debtors themselves exercise these trustee powers. 11 U.S.C. § 1107(a).

The complaint in the instant case seeks relief which falls within 11 U.S.C. §§ 547, 548, and 549, as plaintiffs have contract rights in the letters of credit which have been drawn down upon, and in letters of credit which have not yet been drawn upon, following "standstill" agreements before the Bankruptcy court. The complaint does not specifically invoke 11 U.S.C. §§ 544, 547, 548 and 549 and indeed it could not, at this stage, since the powers must be exercised by the chapter 7 trustee, who has not been served with notice of or entered an appearance in this adversary proceeding. To the extent that the chapter 7 trustee or other parties may be indispensable or necessary parties, Debtors may join them pursuant to Bankruptcy Rules 7019, 7020.

While the United States Bankruptcy Code may have parallels in other countries, the rights of the United States bankruptcy trustee under the United States Bankruptcy Code, Sections 544, 547, 548, and 549 would be difficult and expensive to litigate in a foreign forum, even were it permissible in that forum to assert those rights.

Because of the size of the claim asserted by Defendant, the extent of Debtors' scheduled assets, and Debtors' assertion that virtually all of Debtors' non-exempt assets are collateral for the letters of credit at issue in the instant adversary proceeding, the instant adversary proceeding is central to the collection of assets for distribution to Debtor's creditors, and to the process of claims resolution to ensure that only valid claims receive distributions.

Additionally, requiring the Debtors to litigate their cause of action in England would undermine Debtors' fresh start, and would effectively deny them their day in court, because of the heightened expense of litigation abroad, for individuals who are already in Bankruptcy. The court concludes that enforcement of the Forum Selection Clause in the instant case would deprive Debtors of their day in court and contravene the strong public policy of the Bankruptcy Code.

### FORUM NON CONVENIENS

■ With respect to the forum non conveniens argument, factors considered by courts in determining whether a case should be dismissed on forum non conveniens grounds are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. Courts weigh the relative advantages and obstacles to a fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum is rarely disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

■ At the initial stage of litigation, a party seeking to establish jurisdiction need only make a prima facie showing by alleging facts which, if true, would support the court's exercise of jurisdiction. When analyzing this preliminary showing, the facts must be viewed in the light most favorable to the plaintiff. *New Moon Shipping Co. v. Man B & W Diesel Ag*, 121 F.3d 24 (2d Cir.1997) (*citing Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)).

■ In the instant case, Debtors have made a prima facie showing that the balance is strongly in favor of retaining jurisdiction in this court. Debtors' schedules and statement of financial affairs indicates they cannot afford to litigate this cause of action in England. There is no evidence to suggest that it would be fundamentally unfair for this court to retain the instant adversary proceeding. The court concludes that the instant motion to dismiss should be denied.

Based on the foregoing, a separate Judgment will be entered denying Defendant's

Motion to Dismiss, which this court has treated as a Motion for Summary Judgment pursuant to Bankruptcy Rule 7012. (Docket No. 7). In light of the impending expiration of the letters of credit and the parties' agreement, effective through October 17, 1997, not to draw down on the additional letter of credit, a separate Expedited Pretrial Order will be entered.