**TELCORDIA TECHNOLOGIES, INC.,** **in the matter of the arbitration of certain controversies between, Appellant,**

v.

**TELKOM SA, LIMITED, Appellee.**

No. 03–7099.

United States Court of Appeals, District of Columbia Circuit.

April 9, 2004.

Before RANDOLPH, ROGERS, and GARLAND, Circuit Judges.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. *See* FED. R.APP. P. 36; D.C.CIR. R. 36(b). It is

**ORDERED and ADJUDGED** that the district court's judgment is affirmed. Telcordia appeals the district court's granting of Telkom's motion to dismiss. The court dismissed Telcordia's petition to enforce the partial arbitral award against Telkom based on *forum non conveniens* and lack of personal jurisdiction. We will presume the district court's dismissal was without prejudice because the district court did not state otherwise. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1090–91 (D.C.Cir.1998).

Telcordia asserts that the district court erred by dismissing the case on *forum non conveniens* because this ground is not specified in Articles V or VI of the "New York Convention." Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 53, as implemented by and reprinted in the Federal Arbitration Act, 9 U.S.C. §§ 201–208. Application of *forum non conveniens,* Telcordia argues, also runs counter to the purposes of the New York Convention, which is to allow for the recognition and enforcement of arbitral awards outside of the arbitral forum, here South Africa. New York Convention art. I.

We need not concern ourselves with the application of *forum non conveniens* in this context, nor must we address personal jurisdiction. Article VI of the New York Convention allows a district court to "adjourn" a decision on the enforcement of the arbitral award if "an application for the setting aside or suspension of the award has been made to a competent authority. . . ." Telkom made such an application to the High Court of South Africa. (On November 27, 2003, after Telcordia filed this appeal, the High Court issued a deci-

sion setting aside the partial award, which Telcordia says it intends to appeal.) Telkom argued in considerable detail to the district court that it should adjourn proceedings under Article VI pending the outcome of Telkom's petition before the High Court. *See* Resp. Telkom's Mot. To Dismiss the Pet., or in the Alternative, to Stay Proceedings at 17–24.

We may affirm a judgment on *any* ground that is properly raised below, even if the district court did not rely on it. *See Tymshare Inc. v. Covell,* 727 F.2d 1145, 1150 (D.C.Cir.1984); *LFC Lessors, Inc. v. Pacific Sewer Maint. Corp.,* 739 F.2d 4, 7 (1st Cir.1984); 5 Am. Jur. 2d *Appellate Review* §§ 828–829 (2003). Because Telkom raised the issue below, and because we construe "adjourn" to mean stay or

dismiss without prejudice, we affirm the district court on the ground that the court's dismissal was proper under Article VI of the New York Convention.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41(a)(1).