**BRISTOL BABCOCK, INC., Plaintiff,**

v.

**PUERTO RICO ELECTRIC POWER AUTHORITY, Defendant.**

No. 95–2563 (JAF).

United States District Court,
D. Puerto Rico.

June 18, 1996.

Alice Net Carlo, Garcia Rodon, Correa Marquez & Valderas, Juan H. Saavedra Castro, San Juan, PR, for Plaintiff.

Pedro Santiago–Torres, Jorge R. Ruiz–Pabon, San Juan, PR, for Defendant.

## OPINION AND ORDER

FUSTE, District Judge.

### I.

#### Introduction

Bristol Babcock, Inc., has filed a breach of contract claim against defendant Puerto Rico Electric Power Authority (PREPA). Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), alleging that plaintiff is required to bring its breach of contract suit in a court of the Commonwealth of Puerto Rico. For the reasons outlined below, we **GRANT** defendant's motion and **DISMISS** plaintiff's claim without prejudice of litigation in the courts of the Commonwealth.

### II.

#### Discussion

Bristol Babcock alleges that PREPA unjustly terminated their contract to build a boiler control and monitoring system. The contract contains a forum selection clause that states:

> Applicable Laws—This agreement shall be governed and construed in accordance with the laws of the Commonwealth of Puerto Rico and the parties agree to submit themselves to the jurisdiction of the Courts of the Commonwealth of Puerto Rico.

Article 30 of The Contract, pp. 12–13. Defendant argues that this clause should be enforced, requiring plaintiff to file the instant suit in a court of the Commonwealth of Puerto Rico.

We find that the forum selection clause is clear and unambiguous: The parties have agreed to submit themselves to the jurisdiction of the Commonwealth of Puerto Rico courts. Such clause obviously excludes the United States District Court. Federal courts sitting in this jurisdiction are not courts of the Commonwealth of Puerto Rico. This forum selection clause must be enforced unless (1) it was not freely negotiated or was the result of overweening bargaining power or fraud, (2) it contravenes a strong public policy of the forum where suit is brought, or (3) the party challenging its enforceability shows "that trial in the contractual forum will be so gravely difficult and inconvenient that [it] will, for all practical purposes, be deprived of [its] day in court." *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 18, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972). In challenging the validity of the clause, plaintiff has the burden to prove that its enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. *Id.*, at 12–13, 92 S.Ct. at 1914–15. *See also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 2245, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring); *Royal Bed & Spring Co. v. Famossul Industria*, 906 F.2d 45, 49 (1st Cir.1990); *Fireman's Fund American Ins. Companies v. Puerto Rican Forwarding Co., Inc.*, 492 F.2d 1294, 1296 (1st Cir.1974).

The Supreme Court of Puerto Rico has adopted federal jurisprudence on forum-selection clauses, establishing an analytical approach that is in accord with federal law. *Unisys P.R., Inc. v. Ramallo Bros. Printing, Inc.*, 91 J.T.S. 69 (1991). The Puerto Rico Supreme Court has held that forum-selection clauses are *prima facie* valid if reasonable, absent any fraud or overreaching. Therefore, the party arguing the invalidity of the clause bears the burden of proof to show unreasonableness. *Id.*, 8855–56.

In the present case, plaintiff has not alleged any fraud or overreaching by PREPA in the bargaining and signing of the contract. Neither has plaintiff averred anything fundamentally unfair or unreasonable in litigating the case in a Commonwealth court. Additionally, no important public policies are contravened by enforcement of the clause. What we have before us is a garden variety breach of contract claim under Puerto Rico law that can be easily resolved in the courts of the Commonwealth of Puerto Rico.

Plaintiff argues, instead, that its choice of forum is not determined by the forum selection clause of the agreement because said clause is not mandatory. This argument begs the question. If the parties did not intend to select the Commonwealth courts as the forum in which to litigate disputes arising from the contract, why then include a forum selection clause that makes sole and specific reference to the Commonwealth courts? A plain reading of the forum selection clause shows that the parties sought to vest sole jurisdiction to the courts of the Commonwealth of Puerto Rico. Plaintiff has not challenged the fact that when executing the contract, plaintiff was free to agree to this choice of forum clause. And plaintiff does not argue now that the Commonwealth courts are an inconvenient forum. Under the circumstances present here, our mission is to give effect to the legitimate expectation of the parties, as manifested in their freely-negotiated choice of forum agreements. *M/S Bremen*, 407 U.S. at 13–14, 92 S.Ct. at 1914–15.

### III.

### *Conclusion*

Since plaintiff's action arises under a contract that contains a valid clause selecting the courts of the Commonwealth of Puerto Rico as the forum for adjudicating all disputes arising thereunder, PREPA's motion is **GRANTED**. We **DISMISS** the claim without prejudice of litigation in the courts of the Commonwealth of Puerto Rico.

**IT IS SO ORDERED.**