**Luis R. Montañez AVILES, and the Conjugal Partnership Between Him and Miriam Velez, Plaintiffs,**

v.

**CANTIERI DI BAIA–MERICRAFT S.P.A.; Baia of America, Inc.; Antonio Capasso, and the Insurer John Doe Corporation, Defendants.**

**Civil No. 94–2227 (JAF).**

United States District Court, D. Puerto Rico.

Oct. 16, 1996.

Nilda M. Navarro, San Juan, PR, for plaintiffs.

Felix Benitez–Colon, Rivera Tulla & Ferrer, San Juan, PR, for defendants.

### OPINION AND ORDER

FUSTE, District Judge.

### I.

### Introduction

Before the court is defendants' motion requesting a transfer of venue under 28 U.S.C. § 1404(a) (1988) or a dismissal of the case due to improper venue pursuant to 28 U.S.C. § 1406 (1988). Defendant Cantieri di Baia–Mericraft, S.P.A., is an Italian corporation. Defendant Baia of America, Inc., is a Florida corporation with its principal offices in·Flori-

da. Defendant Antonio Capasso is an Italian citizen with residence and domicile in Italy. Plaintiffs, Luis R. Montañez and his wife, Miriam Vélez, are residents of Puerto Rico. In 1992, Mr. Montañez bought a boat from Baia of America, manufactured by Cantieri di Baia–Mericraft. Plaintiffs bring this action for damages under the Magnuson–Moss Warranty Act, 15 U.S.C. §§ 2301–2312 (1988), and under the Puerto Rico Civil Code, 31 L.P.R.A. §§ 3843, 5141 (1990). Plaintiffs allege jurisdiction both on the basis of federal question, 28 U.S.C. § 1331 (1988), and on the basis of diversity of the parties. 28 U.S.C. § 1332 (1988). For the reasons discussed below, we **grant** defendants' request to transfer the case, and **deny** defendants' motion to dismiss for improper venue.

## II.

### Discussion

■ On March 6, 1992, plaintiff Luis R. Montañez, a resident of Puerto Rico, and defendant Baia of America, Inc., a Florida corporation with its principal office in Florida, negotiated and signed a Yacht Purchase Agreement. The agreement included a forum selection clause that reads as follows:

> Governing Law: The validity of this agreement and all of its terms and provisions, as well as the rights and duties of the parties hereunder, shall be interpreted in accordance with the laws of the U.S.A. If any dispute shall arise in connection with the interpretation and fulfillment of this agreement, same shall be referred to the Court of Miami, Florida.

Docket Document No. 5, Exhibit 2. Defendants argue that pursuant to this clause, we should transfer plaintiffs' case to the United States District Court for the Southern District of Florida, or dismiss for improper venue.

■ Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (1988). In a motion to transfer under Section 1404(a), we apply a multi-factored approach in deciding the motion. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).[1] Factors which determine whether a case should be transferred under Section 1404(a) are: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof. *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987). We must also take into account "those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart*, 487 U.S. at 30, 108 S.Ct. at 2244. Nonetheless, a forum selection clause is a "significant factor that figures centrally in the district court's calculus." *Id.* at 29, 108 S.Ct. at 2244. *See also Royal Bed*, 906 F.2d at 50.

We find that the forum selection clause is clear and unambiguous: The parties agreed to submit themselves to the jurisdiction of the court of Miami, Florida. Such clause obviously excludes the state and federal district courts located in Puerto Rico. Plaintiffs have not alleged any fraud or overreaching by defendants in the bargaining and signing of the contract. Defendants originally proposed that Italy be the forum for any claims related to the contract. When plaintiff Montañez rejected the proposition, the forum was

---

1. Defendants urge us to apply the more straightforward standard announced in *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), in analyzing the present issue. When a party files a motion to dismiss based on a forum selection clause, courts have applied the standard set forth in *Bremen*, and not the more intricate analysis of *Stewart*. *See International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112 (5th Cir.1996); *Jones v. Weibrecht*, 901 F.2d 17 (2nd Cir.1990); *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir.1988); *Bristol Babcock, Inc. v. Puerto Rico Elec. Power Authority*, 930 F.Supp. 710 (D.P.R. 1996). Given that defendants request a transfer under Section 1404(a), we decide this venue issue under *Stewart*. *See Royal Bed and Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 50 (1st Cir.1990). The net result is that we apply the most favorable standard to plaintiffs, noting, however, that the facts of this case make it a viable candidate for transfer under *Bremen* (arms-length negotiation of a forum selection clause).

changed to Miami. The contract itself shows that the original forum was crossed out and Miami as the forum was handwritten in the contract clause, a change initialed by Mr. Montañez. The forum selection clause was freely negotiated by the parties and it was a vital part of the agreement. Plaintiff Montañez was not an unsuspecting party who unknowingly signed the contract; plaintiff, an attorney, freely bargained with defendant regarding the forum for resolution of disputes arising in connection with the purchase agreement. *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2243–44. Under the circumstances present here, we must seriously consider giving effect to the legitimate expectation of the parties, as manifested in their freely-negotiated choice of forum agreement. *Id.* at 29–30, 108 S.Ct. at 2243–44. Although the parties signed the contract in Puerto Rico, the parties negotiated the agreement in Italy, Miami, and Puerto Rico. Pursuant to the agreement, payment for the boat was to be sent to Baia of America's bank in Miami. Defendants' performance under the agreement took place in Italy and Miami. The boat was manufactured in Italy and later plaintiffs sent the boat to Miami by freight, where it was shown at a boat show. After the yacht was exhibited at the show, Mr. Montañez sailed the boat to Puerto Rico. On several occasions, Cantieri employees came to Puerto Rico for boat repairs, since defendants have no offices or employees in Puerto Rico. However, at one point, pursuant to the purchase agreement, Mr. Montañez agreed to send the boat to Miami for further repairs, and defendant sent to plaintiffs a check for $10,000 to cover shipping costs. Plaintiffs cashed the check but never sent the boat to Miami. As already stated, plaintiffs managed to send the boat from Italy to Miami. There is no apparent reason for not sending the boat back to Miami except for trying to change the agreed-upon forum by keeping the boat in Puerto Rico.

On the other hand, plaintiffs have not averred any fundamentally unfair or unreasonable consequence to litigating the case in a Miami court. Plaintiffs allege that their witnesses, who will testify about the condition of the boat and the repairs made to it, reside in Puerto Rico. Despite the convenience for some of plaintiffs' witnesses, the fact is that plaintiffs' expert witness who prepared the report on the boat's unseaworthiness does not reside in Puerto Rico. Plaintiffs have not explained why it would be inconvenient for this key witness to travel to Florida.

Litigation in Florida would certainly be more convenient for defendants. It is in Florida where defendants have their offices. Mr. Mario Borselli, a sales manager for Cantieri and president of Baia, who negotiated and signed the contract, is domiciled in Italy, and frequently visits Miami as part of his business activities for defendant corporations. None of defendants' witnesses reside in Puerto Rico. Mr. Capasso and witnesses involved in the construction of the yacht reside in Italy, as well as those witnesses that helped to transfer the boat from Italy to Miami. In short, convenience to parties and witnesses does tip the scale appreciably in the direction of defendants.

Overall, the Section 1404(a) factors lead the court to conclude that defendants have met their burden of showing that the forum should be changed. The presence of the forum selection clause weighs heavily in favor of transfer. This clause was an integral part of the agreement at issue. Plaintiffs' reliance on witnesses in Puerto Rico do not satisfy their burden of demonstrating that the forum selection clause should not be enforced. The interests of justice will be served by enforcing the forum selection clause and transferring this action to the United States District Court for the Southern District of Florida.

### III.

#### *Conclusion*

For the reasons set forth above and in the interest of justice, defendants' motion to transfer is **GRANTED**. The Clerk of the Court is directed to transfer this action to the United States District Court for the Southern District of Florida. The motion to dismiss for improper venue under 28 U.S.C. § 1406(a) (1988) is **DENIED**.

**IT IS SO ORDERED.**