UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

FERRI CONTRACTING COMPANY,
INCORPORATED, a Pennsylvania
Corporation,

*Plaintiff-Appellant,*

v.

TOWN OF MASONTOWN, WEST
VIRGINIA, a Municipal corporation
and a subdivision of the state of
West Virginia,

*Defendant-Appellee,*

and

CERRONE & ASSOCIATES,
INCORPORATED, a West Virginia
corporation,

*Defendant.*

No. 03-1303

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert E. Maxwell, Senior District Judge.
(CA-02-53-2)

Submitted: September 9, 2003

Decided: September 29, 2003

Before WILKINSON, KING, and SHEDD, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Charles M. Johnstone, II, Johnson W. Gabhart, THAXTON & JOHNSTONE, L.L.P., Charleston, West Virginia, for Appellant. Carl L. Fletcher, Jr., DANIELS LAW FIRM, P.L.L.C., Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ferri Contracting Co., Inc., appeals from the district court's order dismissing its claims against the Town of Masontown, West Virginia, based on the language of a forum selection clause in the parties' contract. The contract provided that any litigation with respect to the contract "will be decided [ ] in a court of competent jurisdiction within the state in which the OWNER is located." The Town of Masontown, the "owner," is located in West Virginia, thus the forum selection clause provided that any litigation would be decided "in a court [ ] within the state [of West Virginia]."

Ferri Contracting filed a complaint in a federal district court in West Virginia. Upon the Town of Masontown's motion to dismiss under the forum selection clause, the district court found that the above-quoted language was ambiguous. Having ruled that the language was ambiguous, the district court then made a determination of the intent of the parties as to the meaning of the clause. In doing so, the court ruled that the clause was intended to limit any litigation with respect to the contract to the state courts of West Virginia. Thus, the district court dismissed the action, stating its "election not to exercise its jurisdiction in order to give effect to the terms of the contract." Ferri Contracting appeals from this disposition.

Whether a contract is ambiguous is a question of law, which this court reviews de novo. *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 726 (4th Cir. 2000); *Denzler v. Questech, Inc.*, 80 F.3d 97, 101 (4th Cir. 1996).

In addressing the meaning of the agreement to litigate any disputes under the contract to a court "within the state" of West Virginia, we consider whether this restriction is one of sovereignty or of geography. *See City of New York v. Pullman Inc.*, 477 F. Supp. 438, 442 (S.D.N.Y. 1979) (distinguishing between geography ("courts located in the state of") and sovereignty ("courts of the state of")). Where the forum selection clause imposes a geographic limit, litigation is permitted in either a federal or state court within the specified geographic boundary. *Id.*; *see Basicomputer Corp. v. Scott*, 973 F.2d 507, 509 (6th Cir. 1992) (holding that federal district court was permissible forum where contract specified litigation in a court "*in* the State of Ohio"); *Custom Blending Int'l v. E.I. Dupont De Nemours & Co.*, 958 F. Supp. 288, 289 (S.D. Tex. 1997) (rejecting argument that phrase "courts within Texas" does not allow federal forum); *Shaw Group, Inc. v. Natkin & Co.*, 907 F. Supp. 201, 205-06 (M.D. La. 1995) (finding federal venue foreseen by clause providing for determination of disputes "by a court [ ] located in the state where the project is located").

If the forum selection clause is stated in terms of sovereignty, it is more restrictive and requires that actions be filed in the courts of the state sovereign, *i.e.*, in the state court. *Pullman*, 477 F. Supp. at 442; *see LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 6-8 (1st Cir. 1984) (applying geographic versus sovereignty analysis and concluding that requirement that actions be determined "in the courts[ ] of the Commonwealth of Massachusetts" limited actions to Massachusetts state courts); *Rogen v. Memry Corp.*, 886 F. Supp. 393, 394 (S.D.N.Y. 1995) (specifying forum in "the legal tribunals of the State of New York"); *Spatz v. Nascone*, 364 F. Supp. 967 (W.D. Pa. 1973) (requiring resolution in state court where forum selection clause specified "courts of the Commonwealth of Pennsylvania"). *But see Action Corp. v. Toshiba Am. Consumers Prods. Inc.*, 975 F. Supp. 170, 176 (D.P.R. 1997) (holding that "Courts of the Commonwealth of Puerto Rico" did not limit filings to non-federal courts); *Zimmerman Metals, Inc. v. United Eng'rs & Constructors, Inc.*, 720 F. Supp.

859, 861 (D. Colo. 1989) (allowing federal venue when clause provided for filing in "Courts of Colorado").

We conclude that the forum selection clause in the contract between Ferri Contracting and the Town of Masontown is plainly geographic. Providing that disputes be resolved in a court "*within* the state" of West Virginia is not ambiguous—as the district court found —and does not limit the parties to filing actions on the contract in a court *of* the state of West Virginia. Because the district court erred in determining that the language of the forum selection clause was ambiguous, we vacate the district court's order dismissing the claims between these parties and remand the case for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*