**SCOTIABANK DE PUERTO RICO, Plaintiff,**

**v.**

**RESIDENTIAL PARTNERS S.E., et al., Defendants**

No. CIV. 04–1699(JP).

United States District Court, D. Puerto Rico.

Dec. 20, 2004.

Edilberto Berríos Pérez, Berríos & Longo, PSC, San Juan, PR, for Defendant.

### OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

Before the Court is Plaintiff's "Motion to Remand and Memorandum in its Support" (docket No. 5); Defendants' opposition thereto (docket No. 7); Plaintiff's reply (docket No. 23); and Defendants' Additional Motion in Opposition to Remand on Choice of Forum (docket No. 28). For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and hereby **REMANDS** this case to the Commonwealth of Puerto Rico Court of First Instance, Fajardo Part.

Scotiabank filed this civil action on May 5, 2004 in the Commonwealth of Puerto Rico Court of First Instance, Fajardo Part, against Defendants Residential Partners, Carlos Lopategui Estrellas, his wife Edith Paoli Bruno, and their conjugal partnership, and Seven Seas Hotels and Resort Developers. The action asserted four causes of action, seeking 1) collection of monies; 2) foreclosure of pledge agreements; 3) foreclosure of mortgages, and personal guarantees; and 4) enforcement of an assignment of a Construction Contract, Permits, Drawings, Plans, and Specifications. Defendants filed a Notice of Removal before this Court on July 9, 2004, thus obtaining an automatic stay of the action filed in the Fajardo court, alleging that . . .

"Federal jurisdiction is established by at least 12 U.S.C. § 1975, by 28 U.S.C. § 1975 and by 15 U.S.C. § 1691(e). The claims and counts relate to the loan agreement, as well as to the alleged personal responsibility or guaranties of the spouse, conjugal partnership and

Carlos A. Rodríguez–Vidal, Goldman Antonetti & Córdova, San Juan, PR, for Plaintiff.

special partnerships against whom a judgment for the full allegedly owed amount is requested. The alleged personal liability of the spouse and others is said to emerge out of the attached documents, which simultaneously appear to establish the sufficiency of the credit worthiness of the principal alleged debtors. The attached documents evidence tying arrangements, the mechanism through which the alternate credit pursuit and control was established and the alleged spouse's liability emerges, even when the husband had and has sufficient credit worthiness. The pleadings, facts and attached documents present several causes of action established by federal statutes." *Notice of Removal* at 2–3 (docket No. 1).

Consequently, Defendants assert that the complaint filed in the Fajardo court establishes a case and controversy under federal law.

Plaintiff asserts that the complaint does not assert any claim under the Bank Holding Company Act or allude to any rights under it or any other federal statute. It asserts that all claims for relief in the present case are based solely on Puerto Rico law, be it contract law or mortgage law, and therefore, remand to the state court is proper. The Complaint, it avers is very simple: Defendants failed to pay as required by the terms of the loan they agreed to, and Scotiabank did what every financial institution would typically do— begin collection proceedings under the aegis of Puerto Rico mortgage and contract law. The Complaint, it further avers, does not purport to assert any federal right, nor does it seek recovery under any federal statute or regulation. Finally, it alleges that a choice of law and forum clause was agreed to by the parties, and that therefore, the Court lacks jurisdiction to hear this case. It prays this Court remand the case back to the Fajardo Court. The Court agrees with Plaintiff.

## II. STANDARD

### A. Grounds for removal

The removal statute, 28 U.S.C. § 1441, provides in pertinent part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Under section 1441, "an action is removable to a federal court only if it might have been brought there originally." 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721, at 189 (1985); *see also Bally v. National Collegiate Athletic Ass'n,* 707 F.Supp. 57, 58 (D.Mass.1988).

■ As is well known, the party seeking to remove a case has the burden of proving that federal jurisdiction exists and that the case should thus have been removed. *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *Transport Auditing, Inc. v. Sea–Land Service, Inc.,* 897 F.Supp. 34, 35 (D.Puerto Rico 1995).

■ It has been well established that the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action. *University of Rhode Island v. A.W. Chesterton Co.,* 2 F.3d 1200, 1202 (1st Cir.1993), *quoting Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109– 09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see also Her Majesty the Queen v. the City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989).

Defendants claim that this case is removable to federal court because it contains issues of federal law which are an essential element of Plaintiff's cause of action. Although not stated explicitly, the Court understands Defendants' argument to be that the suit should be deemed to arise under federal law pursuant to 28 U.S.C. § 1331.[1] Defendants further aver that the nature of the claims necessarily involve the resolution of substantial questions of federal law. *See generally, Id.*

■ The Court therefore looks at the Complaint. "[I]t is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see also Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), and the most recent case dealing with removal, *Rosselló–González v. Calderón–Serra*, 393 F.3d 16 (1st Cir. 2004). Along the same vein, it is also well-settled that a plaintiff is the master of his own claim and can avoid removal of his action by solely relying on state law in pursuing his claims. *See Id.; Caterpillar v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Hunneman Real Estate Corp. v. Eastern Middlesex Ass'n of Realtors, Inc.*, 860 F.Supp. 906, 909 (D.Mass.1994), *quoting Allstate Ins. Co. v. 65 Sec. Plan*, 879 F.2d 90, 93 (3d Cir.1989); *Nashoba Communications Ltd. P'ship No. 7 v. Town of Danvers*, 893 F.2d 435, 437 (1st Cir.1990) (citations omitted) ("The presence of a federal question is determined 'from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant

may interpose.' "). This is the commonly known "well-pleaded complaint" rule, established by the *Mottley* case in 1908.

■ It is also well settled law that under the well-pleaded complaint rule, federal removal jurisdiction may not be asserted because defendants may have a federal defense to a state-law cause of action. The Supreme Court has stated that ". . . it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. Thus, a federal defense is not enough to merit removal.

With this standard in mind, the Court now addresses the motions before it.

## III. ANALYSIS

### A. The Complaint

The Complaint filed by Plaintiffs in the Commonwealth Court alleges four causes of action. The first is a cause of action for collection of moneys for a construction loan apparently in default. The second is a foreclosure of mortgages and pledge, which are also apparently in default. The third is an execution of a personal, unlimited guaranty. And the Fourth is an assignment of certain documents in case of default pursuant to the agreement signed. The Complaint is pellucid in its language and simple in its construction. Therefore, the plain meaning of the terms therein is applied. *Wickman v. Northwestern Nat. Ins. Co.*, 908 F.2d 1077 (1st Cir.1990).

■ After a careful examination, the Court must conclude that nothing it has

---

**1.** Defendant specifically alleges that "Federal jurisdiction is grounded on federal question

(sic) presented by the facts averred in the pleadings". *Defendants' Opposition* at 1.

seen in the Complaint involves federal law. The Court perceives Defendants' *defense* to the case to be grounded in federal law— that Scotiabank has incurred in a breach of the Bank Holding Company Act—which, as previously established, is insufficient to confer federal jurisdiction. *See generally, Metropolitan,* 481 U.S. 58, 107 S.Ct. 1542; *Rosselló-González,* 393 F.3d 16 ("To bring a case within the [removal statute], a right or immunity created by the Constitution … must be an element, *and an essential one,* of plaintiff's cause of action.") (emphasis in original) (citations omitted); *Notice of Removal* at 3. The Court can find no federal statute or right in the Complaint at hand—much less an essential one—and therefore, Defendants' arguments regarding this issue are inapposite.

### B. Construction and the forum selection clause

■ Furthermore, the parties contractually agreed on a forum selection clause, which the Court finds further bolsters its decision to remand this case. As previously stated, "[t]he trend of decisions is that removal statutes will be strictly construed and that doubts should be resolved against removal." *Bally v. National Collegiate Athletic Ass'n,* 707 F.Supp. 57, 58 (D.Mass. 1988). Plaintiff, as master of his claim, can choose how he wishes to word his complaint and where he wishes to file it, and there is a "strong presumption in favor of the Plaintiff's choice of forum." *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000).

■ Once again, the Court looks to the plain language of the contract. *Wickman,* 908 F.2d at 1084 ("applying the basic tenets of contract interpretation, the first place to look for a definition is in the terms of the policy contract itself … These terms must be given their plain meanings, meanings which comport with the interpre-

tations given by the average person"). In examining the clauses at issue, the Court can identify three distinct clauses—a choice of law clause, a jurisdictional clause and a venue, or choice of forum clause. The section in question reads:

*"Section 16.7 Applicable Law and Jurisdiction.*

This Agreement and the other Loan Documents shall be construed and enforced in accordance with, and governed by, the laws of Puerto Rico, and the parties submit themselves to the jurisdiction and venue of the Court of First Instance of Puerto Rico, San Juan Part."

■ A choice of law clause is "[a] contractual provision wherein the parties designate the state whose law will govern disputes arising out of their agreement." *Black's Law Dictionary* 241 (6th ed.1990). Due to the difficulties that oftentimes arise in the determination of which state's law should govern a contract, parties often agree beforehand between themselves in order to prevent later conflict. Modern conflict-of-laws theories accept the parties' choice as the primary determinant of which law governs a contract. *See e.g. Restatement (Second) of Conflict of Laws* § 187 (1989). The choice of law clause at issue states that Puerto Rico law governs any disputes arising under the contracts.

The second clause, the jurisdictional clause, states that the parties submit themselves to the jurisdiction of the Commonwealth Court, San Juan Part. The last clause, the venue clause, states that the parties submit themselves to the venue of the Commonwealth Court, San Juan Part.

Courts have generally held that the existence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22

(1988); *Royal Bed and Spring Co. v. Famossul Industria,* 906 F.2d 45, 51 (1st Cir. 1990). Courts have routinely given considerable weight to a forum selection clause in the balance of factors. *Jumara v. State Farm. Ins. Co.,* 55 F.3d, 873, 882 (3rd Cir.1995); *In re: Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir.1989); *Black & Veatch,* 123 F.Supp.2d at 581 (Deeming the forum-selection clause the "most important factor"); *REO Sales, Inc. v. Prudential Ins. Co.,* 925 F.Supp. 1491 (D.Colo.1996); *see also Stewart,* 487 U.S. at 33, 108 S.Ct. at 2246 (A valid forum-selection clause should be "given controlling weight in all but the most exceptional cases.") (Kennedy, J., concurring).

■■■ Although Defendants have presented an argument alleging this clause is permissive, the Court finds this argument to be inapposite. In the landmark case of *M/S Bremen v. Zapata Off-Shore Company,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court recognized the validity of choice of forum clauses in private international agreements. Most courts have extended *M/S Bremen* to domestic disputes. *See Bense v. Interstate Battery Sys. of America,* 683 F.2d 718, 721 (2d Cir.1982).

Even though Defendants are correct in stating that a forum selection clause does not necessarily oust a federal court's jurisdiction, if the clause is valid, the modern trend has been to honor the parties' intentions and to decline the exercise of federal jurisdiction. *See LFC Lessor's, Inc., v. Pacific Sewer Maint.,* 739 F.2d 4 (1st Cir. 1984); *see also Richardson Greenshields Securities, Inc. v. Metz,* 566 F.Supp. 131, 133 (S.D.N.Y.1983) (holding that forum selection clauses "are prima facie valid and will be upheld absent a showing that they result from fraud or overreaching, that they are unreasonable or unfair, or that enforcement would contravene a strong public policy of the forum.") and *Intermountain Sys., Inc. v. Edsall Constr. Co.,* 575 F.Supp. 1195, 1197 (D.Colo.1983). No such showing of unreasonableness, unfairness or contravention of public policy has been made by Defendants to justify their opposition to the petition to remand in this case.

■■■ Furthermore, the Court finds that "[E]nforcement of valid forum selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." (Kennedy, J., concurring); *see also Stewart,* 810 F.2d 1066, 1075 (11th Cir.1987) (*en banc*) ("Where, as here, the non-movant has not shown that it would be unjust to honor a forum selection clause that it has freely given, 'the interest of justice' requires that the non-movant be held to its promise.") (Tjoflat, J., concurring). Thus, when a motion seeks to enforce a valid, reasonable choice of forum clause, "the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute". *In re: Ricoh Corp.,* 870 F.2d at 573. Defendants have shown none of the aforementioned to the Court that would warrant keeping this case before this Court.

What the Court sees before it is a contract with very specific wording as to choice of law, jurisdiction and venue, *terms specifically agreed to by the parties.* The Court finds that the language at issue is more akin to a mandatory clause than to a permissive clause. *See Banco Popular de Puerto Rico v. Airborne Group PLC,* 882 F.Supp. 1212 (D.Puerto Rico 1995) (holding that clauses which are directed squarely to an exclusive location for resolution of conflicts and directed toward acceptance of personal jurisdiction were mandatory).

Furthermore, the Court finds that Defendants have failed to show how the selec-

tion of the Commonwealth Court to resolve what appears to be a local controversy is offensive to public policy. To the contrary, choice of forum clauses are not only consistent with the parties freedom of contract (*pacta sunt servanda*), but with the federalist principle where concurrent jurisdiction permits state courts can entertain federal causes of action and vice versa.

This conclusion goes hand in hand with Plaintiff's argument that simply because the documents in question may be subject to the federal applicable banking laws, that does not transform every collection effort made by a bank in Puerto Rico against a delinquent debtor into a case arising under the federal law. *See Plaintiff's Reply to Defendants' Opposition* at 4, (docket No. 23). The First Circuit stated it clearly in *Hernandez–Agosto v. Romero–Barceló*, 748 F.2d 1, 4 (1st Cir.1984), when it stated that . . .

"Under these circumstances, to find the federal statutory issue inextricably part of plaintiff's cause of action (rather than a defense) would work something of a jurisdictional revolution. After all, local land condemnation cases or zoning cases often involve a potential federal Compensation Clause defense; public nuisance abatement actions may encompass federal Due Process issues; local subpoena cases may involve a host of federal statutory or constitutional objections. Congress constitutionally might have allowed removal of these and many other local cases involving federal defenses, but it did not do so . . . If respondents are arguing that there is something special about Puerto Rico that makes such local cases 'federal' in nature, the authoritative response is that of Chief Judge Magruder to an analogous argument: 'It simply can't be so.'" *quoting Figueroa v. People of Puerto Rico*, 232 F.2d 615, 620 (1st Cir.1956).

Therefore, the Court declines to accept Defendants' invitation to retain this case.

**C. Remand to San Juan Part or Fajardo Part**

██ Lastly, Defendants make a last-minute argument regarding two other issues: 1) the fact that the case was filed in the Fajardo Part, instead of San Juan Part as agreed to by the parties and thus, that Plaintiff has waived the forum selection clause; and 2) that not all Defendants were signatories to the contract, and consequently, cannot be bound by the agreement's forum selection clause. The Court finds that these are arguments best left to be decided by the Commonwealth Court, where Defendants are free to raise them.

**IV. CONCLUSION**

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiff's "Motion to Remand and Memorandum in its Support" (docket No. 5) and **REMANDS** this case to the Commonwealth of Puerto Rico Court, Fajardo Part.

**IT IS SO ORDERED.**