Maxima D. MARRERO, Plaintiff

v.

Rafael D. ARAGUNDE,
et al., Defendants.

Civil No. 07–1662 (JAG).

United States District Court,
D. Puerto Rico.

Feb. 20, 2008.

---

John Ward–Llambias, San Juan, PR, for Plaintiff.

Wandymar Burgos–Vargas, P.R. Department of Justice—Federal Litigation, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Both Plaintiff Maxima D. Marrero ("Plaintiff") and Defendants were requested to brief this Court why the forum selection clause stipulated by the parties in their Settlement Agreement should not be enforced and the case dismissed. For the reasons set forth below, this Court **DISMISSES** the present case.

## FACTUAL AND PROCEDURAL BACKGROUND

In the present case, there is a binding Settlement Agreement between the parties.[1] The parties entered into the Settle-

---

1. Defendants attached a copy of the settlement agreement to their Motion to Dismiss. (Docket No. 9). Although, "ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment, under First Circuit precedent, when a complaint's factual allegations are expressly

ment Agreement in order to end a pending lawsuit before the State Courts. The main issue of said suit was the Department of Education's refusal to reclassify Plaintiff as ordered by then Secretary of Education, Cesar Rey Hernandez. The Settlement Agreement states in pertinent part as follows:

> [i]f any of the officers of the Department of Education, were to violate this agreement, it will be deemed an admission of civil rights violation, and the case will be submitted to the jurisdiction of the Superior Court, San Juan Part, to render judgement for the damages that [Plaintiff] may suffer as a result of [the] breach of this contract. (Docket No. 9, Exh. 3).

Plaintiff filed a civil rights complaint in the State Superior Court, San Juan Part seeking compensatory damages for the Department of Education's continuous refusal to honor her reclassification of employment. (Docket No. 9, Exh. 1). In the present complaint, Plaintiff also seeks compensatory damages for the same civil rights violation stated in the State Court complaint.[2] (Docket No. 1). As a result, Plaintiff was ordered to show cause why this case should not be dismissed because the parties stipulated in the Settlement Agreement a mandatory choice of forum. Defendant was also ordered to respond to Plaintiff's answer. (Docket No. 23).

On January 29, 2007, Plaintiff responded to this Court's order to show cause and stated that the pending case before the State Court only refers to the events that led to the aforementioned Settlement Agreement. Plaintiff stresses that the case before the State Court is only to

enforce the Settlement Agreement. According to Plaintiff, the case before this Court refers to acts of political discrimination that continue to this day. (Docket No. 31).

This Court finds that Plaintiff is basically arguing that the Settlement Agreement is binding only as to the events that led to its stipulation between the parties. Namely, that the Department of Education was to process the reclassification of Plaintiff to Executive Director III. Thus, Plaintiff contends that the complaint filed in the State Court only deals with these events while the case before us deals with other acts of political discrimination that occurred afterwards and, as such, the case at bar should not be dismissed.

On February 12, 2007, Defendants Hon. Rafael D. Aragunde and Waldo Torres ("Defendants") responded to Plaintiff's allegations. Defendants contend that the case before the State Court deals with the enforcement of the Settlement Agreement and the damages that have resulted as a result of the Department of Education's lack of compliance with the Settlement Agreement. According to Defendants, the complaint before this Court brings into play the same issues to be addressed by the San Juan Superior Court, namely: 1) the alleged non-compliance with the Settlement Agreement, 2) the alleged illegal and negligent acts of the officers and employees of the Department of Education under Defendant Aragunde's administration and 3) the alleged stripping of functions. Additionally, Defendants aver that the choice of forum clause in the Settlement Agreement should be enforced and the present case should be dismissed. (Docket No.

---

linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss." *Diva's Inc. v. City of Bangor,* 411 F.3d 30, 38 (1st Cir.2005)(internal quotations and citations omitted).

**2.** The Court notes that in the present complaint the compensatory damage claims are construed as political discrimination allegations.

32). This Court agrees with Defendant's position that the forum selection clause in the Settlement Agreement should be enforced.

## DISCUSSION

While a plaintiff's choice of forum is ordinarily given deference by the courts, this deference is inappropriate when the parties have entered into a contract providing for a different forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir.1995); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir.1989); *Outek Caribbean Distribs. v. Echo, Inc.*, 206 F.Supp.2d 263, 266 (D.P.R.2002). The prevailing view towards contractual forum selection clauses is that they are *prima facie* valid and should be enforced unless doing so is shown by the resisting party to be unreasonable under the circumstances. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10–13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *Bremen*, the Supreme Court held that enforcement of such clauses is consistent "with ancient concepts of freedom of contract," and that refusal to do so would be a "heavy hand indeed on the future development of international commercial dealings by Americans." *Id.* at 11–12, 92 S.Ct. 1907.

A fundamental question in evaluating the effect to be afforded to a forum selection clause is whether its language is mandatory or permissible. *See Autoridad de Energía Eléctrica v. Ericsson Inc.*, 201 F.3d 15 (1st Cir.2000). A mandatory clause is one that requires that the litigation be brought only in the chosen forum, to the exclusion of others. *Id.* at 19; *Redondo Construction Corp. v. Banco Exteri-*

or *de España*, 11 F.3d 3, 6 (1st Cir.1993). A permissible clause, on the other hand, is one that allows the parties to litigate in the chosen forum, but does not purport to exclude them from litigating in some other forum that otherwise has jurisdiction. *Id.* When found to be mandatory, courts will ordinarily enforce a forum selection clause.[3]

The question of whether to enforce a forum selection clause is one of federal law. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Under First Circuit standards, a party opposing the enforcement of a forum selection agreement must show that the particular clause: 1) was not "freely negotiated" or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult and inconvenient that it will, for all practical purposes, be deprived of its day in court. *Miró González v. Avatar Realty, Inc.*, 177 F.Supp.2d 101, 104 (D.P.R.2001)(quoting *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907).

In the complaint before us, Plaintiff states several political discrimination claims. This Court notes that Plaintiff pretends to convince us that we should entertain the case at bar by construing the same compensatory damage claims that it filed in the State Court as political discrimination claims. However, after reviewing the complaint before us, it is clear that the alleged acts of political discrimination all stem from the Department of Education's

---

**3.** Note, however, that a mandatory forum selection clause does not divest a court of jurisdiction that it otherwise retains. Rather, the clause merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction. Therefore, "exclu-

sive jurisdiction" in this context refers to the intent of the parties rather than the actual power of the court. *See Bremen*, 407 U.S. at 12, 92 S.Ct. 1907; *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 389 n. 6 (1st Cir.2001).

alleged refusal to comply with the Settlement Agreement.

■ The Forum Selection clause is clear in that it mandates that the Superior Court, San Juan Part, be the mandatory choice of forum for the damages that Plaintiff may suffer as a result of the breach of the Settlement Agreement.[4] All the damage claims mentioned by Plaintiff in the complaint are structured as political discrimination allegations. Nonetheless, these damage or political discrimination claims are the result of the Department of Education's continuous refusal to reclassify Plaintiff as an Executive Director III.[5] Essentially, they are damages that Plaintiff has suffered as a result of a breach of the Settlement Agreement. Consequently, this Court holds that the forum selection clause in the Settlement Agreement is mandatory and, therefore, it must be enforced.

This Court recognizes that the mandatory forum selection clause found in the Settlement Agreement should not be enforced if Plaintiff demonstrates that said clause: 1) was not "freely negotiated" or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) Plaintiff shows that trial in the contractual forum will be so gravely difficult and inconvenient that it will, for all practical purposes, deprive Plaintiff of its day in court. In the instant case, Plaintiff has not demonstrated any of the aforementioned instances where the forum selection clause should not be enforced. Furthermore, our holding today will not deprive Plaintiff of her day in Court. The Superior Court of San Juan is capable of addressing all the damage claims that resulted from the breach of the Settlement Agreement including the alleged political discrimination claims and civil right violations.[6]

## CONCLUSION

For the reasons stated above, the Court hereby **DISMISSES** the present case.

IT IS SO ORDERED.

---

4.  The Settlement Agreement states as follows: "the case will be submitted to the jurisdiction of the Superior Court, San Juan Part, to render judgement for the damages that [Plaintiff] may suffer as a result of [the] breach of this contract." (Docket No. 9, Exh. 3)

5.  Courts have an inherent interest in avoiding piecemeal litigation. *See Ariz. v. San Carlos Apache Tribe,* 463 U.S. 545, 570, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983)(There is a "general judicial bias against piecemeal litiga-

tion."). As such, Plaintiff "may not bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Bih J. Jeng,* 86 F.3d 1148 (4th Cir.1996).

6.  State Courts have concurrent authority to adjudicate civil rights violation claims. *Raygor v. Regents of the Univ. of Minn.,* 534 U.S. 533, 554 n. 15, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002).