**CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES,**
**Plaintiff**

v.

**INFOR (US), INC., et. al., Defendants.**

**Civil No. 13–1062 (DRD).**

United States District Court,
D. Puerto Rico.

June 28, 2013.

---

Angel X. Viera–Vargas, Goldman Antonetti & Cordova, San Juan, PR, for Plaintiff.

Daniel D. Zegura, Justan C. Bounds, Rogers & Harding LLP, Atlanta, GA, Jason R. Aguilo–Suro, Nestor Mendez–Gomez, Pietrantoni Mendez & Alvarez, LLP, San Juan, P.R., for Defendants.

## ORDER

DANIEL R. DOMÍNGUEZ, Senior District Judge.

Pending before the Court is Plaintiff's *Motion to Remand Removed Action* (Docket No. 16) filed 30 days after Defendants removed the instant case to this Court. For the reasons stated herein, the Court holds that enforcement of the forum selection clause included in one of the con-

tracts in question is mandatory. Thus, the Court hereby **GRANTS** Plaintiff's request to remand the instant action to the agreed upon forum.

## I. FACTUAL BACKGROUND

Plaintiff is an independent municipal entity created by statute to collect, receive and distribute the real and personal property taxes of the municipalities in Puerto Rico. During the year 2010, Plaintiff executed various contracts with Hansen Information Technologies, Inc. ("Infor–Subsidiary")[1] for a software license agreement of Infor–Subsidiary's tax software system, the user support and maintenance of the software, and the consulting services related to the same. The contracts were registered by Plaintiff with the Office of the Comptroller of Puerto Rico ("OCPR"). The contracts in question are briefly described below (collectively, the "2010 Contracts").

1. Software License Agreement ("License Agreement"), executed on February 26, 2010 between Plaintiff and Infor–Subsidiary. The License Agreement replaces a previous license agreement executed on the year 2006 also between Plaintiff and Infor–Subsidiary for the use of Infor–Subsidiary's tax software system without any additional charges or license fees to Plaintiff (Docket Nos. 21–1 and 22–1). The License Agreement was registered with the OCPR, registration no. 2010–000043 (Docket No. 14, ¶ 9.a.);

2. Software Support Agreement ("Support Agreement"), also executed on February 26, 2010 between Plaintiff and Infor–Subsidiary. In the Sup-

---

1. Hansen Information Technologies, Inc., is a California corporation authorized to do business in Puerto Rico, and is currently known as Infor Public Sector, Inc. Its parent company is Infor (US), Inc. ("Infor–Parent") a Delaware corporation. There are no allegations as to whether Infor–Parent is authorized to do business in Puerto Rico. *See* Docket No. 18.

port Agreement, Plaintiff agreed to pay Infor–Subsidiary for user support and maintenance of the Infor–Subsidiary tax software system described therein (Docket Nos. 21–5 and 22–5). The Support Agreement was registered with the OCPR under the same registration number of the License Agreement (i.e., 2010–000043) (Docket No. 14, ¶ 9.a.);

3. Software Services Agreement ("Services Agreement"), executed on March 8, 2010 between Plaintiff and Infor–Subsidiary. The Services Agreement governs the professional consulting services that Plaintiff may choose to obtain from Infor–Subsidiary (Docket Nos. 21–2 and 22–2). The Services Agreement was registered with the OCPR, registration no. 2010–000063 (Docket No. 14, ¶ 9.b.);

4. March Services Work Order ("March SOW"), executed on March 8, 2010 between Plaintiff and Infor–Subsidiary. The March SOW is subject to all the terms and conditions of the Services Agreement. In the March SOW, Plaintiff agreed to pay Infor–Subsidiary for specific consulting services described therein (Docket Nos. 21–3 and 22–3); and

5. July Services Work Order ("July SOW"), executed on July 20, 2010 between Plaintiff and Infor–Subsidiary. The July SOW was registered with the OCPR, registration no. 2010–000062 (Docket No. 14, ¶ 9.c.). The Court notes that there is no reference or allegation as to whether the July SOW is subject to the terms and conditions of any of the agreements under dispute.

The License Agreement (Docket Nos. 21–1 and 22–1, both at page 6) and the Services Agreement (Docket Nos. 21–2 and 22–2, page 3) contain identical choice of law clauses that read as follows:

*Choice of Law; Severability.* This [...] Agreement will be governed by and constructed under the laws of Puerto Rico, as applicable to agreements executed and wholly performed therein, but without regard to the choice of law provisions thereof. This [...] Agreement is originally written in the English language and the English language version shall control over any translations. If any provision of this [...] Agreement is illegal or unenforceable, it will be deemed stricken from the [...] Agreement and the remaining provisions of the [...] Agreement will remain in full force and effect. The United Nations Convention on the International Sale of Goods (CISG) shall not apply to the interpretation or enforcement of this Agreement. (Emphasis in original).

The Support Agreement (Docket Nos. 21–5 and 22–5, both at page 4) contains the following hybrid choice of law/ forum selection clause:

*GOVERNING LAW.* This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Puerto Rico. The parties submit themselves to the exclusive jurisdiction of the Superior Section, San Juan Part, of the Commonwealth of Puerto Rico [Court] of First Instance in any and all cases where judicial assistance needs to be obtained to enforce the provisions of this contract, or to obtain relief under its terms. (Emphasis in original).

The Support Agreement also contains a clause which incorporates by reference the terms and conditions of the License Agreement, which is particularly relevant to the instant matter. The clause clearly specifies that should any conflicting provisions exist between the Support and License

Agreement, the terms of the Support Agreement (i.e., the agreement with the forum selection clause) "will control." (Docket No. 21–5 and 22–5, both at page 1) The clause reads as follows:

> *Incorporation By Reference.* Sections 1 (*Definitions* ), 7 (*Confidential Information* ), 10 through 14 (*Notices, Force Majeure, Assignment, No Waiver,* and ·*Choice of Law, Severability,* respectively), and 16 through· 18 (*Compliance with Laws, Audit Rights* and *Miscellaneous,* respectively) of the License Agreement are incorporated into this Support Agreement by this reference as fully as if written out below. If any provision incorporated by reference from the License Agreement conflicts with any provision of this Support Agreement, the provision of this Support Agreement will control. *Id.*

On December 11, 2012, Plaintiff filed a complaint in state court against "Infor Global Solutions" requesting the "immediate and absolute termination of the contracts registered with the OCPR identified as 2010–000043, 2010–000062 and 2010–000063" (Docket No. 1–3), which the Court identified as the License Agreement, the Support Agreement, and the Services Agreement.[2] Plaintiff also requested the return of the moneys paid to "Infor Global Solutions" pursuant to the contracts, plus damages for the defendant's noncompliance with the terms and conditions of the contracts in question.[3] *Id.*

On January 28, 2013, Infor–Parent removed the complaint to this Court invoking federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and under the Copyright Act at 17 U.S.C. §§ 101 et seq. Infor–Parent also invoked diversity jurisdiction under 28 U.S.C. § 1332 (Docket No. 1). Soon thereafter, Infor–Parent moved the Court to dismiss the instant case against Infor–Parent on grounds of Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 6). The Court denied Infor–Parent's motion to dismiss without prejudice because Plaintiff amended the complaint as a matter of· course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure (Docket No. 14).

In the amended complaint, Plaintiff added Infor–Subsidiary as a defendant. Plaintiff also alleged in the amended complaint that Defendants have breached the terms of the 2010 Contracts because: (1) the services provided by Infor–Subsidiary under the contracts were deficient and negligent (Docket No. 14, ¶ 12); (2) Infor–Subsidiary has "failed to provide satisfactory answers to serious problems pertaining to both the maintenance of [Plaintiff's] computerized taxpayer services system, as well as the improvements contracted in 2010," *Id.* at par. 13; and (3) Infor–Subsidiary is allegedly incapable of resolving "serious problems" in Plaintiff's taxpayer services system, *Id.* at ¶ 16.

Plaintiff requested this Court to remand the instant action to state court. Plaintiff's request is grounded on the forum selection clauses included in the 2010 Contracts. Plaintiff also avers and lack of subject-matter jurisdiction based on Plaintiff's desisting in requesting that Infor–

---

**2.** The Court notes that Plaintiff alleged that both the License and the Support agreement were registered with· the OCPR, both under the same registration no. 2010–000043; however, there is no allegation describing or identifying which of the agreements is registered under registration no. 2010–000062.

**3.** Although Plaintiff also requested as a "special relief in equity" that Infor Global Solutions deliver the source code of the tax software system installed in Plaintiff's computer system (Docket No. 1–3, page 6) this relief was dropped in the amended complaint (Docket No. 14).

Subsidiary provide the source code of the tax software system (i.e., the cause of action under the Copyright Act) (Docket No. 16).

Defendants' oppose Plaintiff's motion to remand (Docket No. 20). In the opposition, Defendants allege existence of federal jurisdiction on the basis of diversity of citizenship despite Plaintiff ceasing to request the copyrighted source code and despite the forum selection clause included in one of the 2010 Contracts. *Id.* Defendants further attack Plaintiff's motion to remand because the referenced forum selection clause is not included in all of the Agreements and because the party that agreed to such clauses was Hansen Information Technologies, Inc. and not Defendants.[4] *Id.* at page 2.

## II. DISCUSSION

 Generally, forum-selection clauses are considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 386–87 (1st Cir.2001) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). Under the reasonability standard of *Bremen*, federal courts must first determine whether the forum specified in the selection clause is mandatory or merely permissive. Secondly, the Court must determine the scope of the clause; and thirdly, whether there is some reason the presumption of enforceability should not apply. *See Rafael Rodríguez Barril, Inc. v. Conbraco Industries, Inc.*, 619 F.3d 90, 92–93 (1st Cir.2010) (citing *Bremen* ). In *Bre-*

*men;* the Supreme Court listed the following four grounds for finding a forum selection clause unenforceable: (1) the clause was the product of "fraud' or over-reaching," *Bremen*, 407 U.S. at 15, 92 S.Ct. 1907; (2) "enforcement would be unreasonable and unjust," *Id.;* (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court, *Id.* at 18, 92 S.Ct. 1907; or (4) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," *Id.* at 15, 92 S.Ct. 1907. Lastly, the Supreme Court held in *Bremen* that enforcement of forum selection clauses is consistent "with ancient concepts of freedom of contract," and that refusal to do so would be a "heavy hand indeed on the future development of international commercial dealings by Americans." *Bremen*, 407 U.S. at 11–12, 92 S.Ct. 1907.

 The First Circuit has stated that forum selection clauses constitute "a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." *Fornaro v. RMC/Resource Management Co.*, 201 Fed.Appx. 783, 784 (1st Cir.2006) (citing *LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 6 (1st Cir.1984)). In the context of forum selection clauses, "exclusive jurisdiction" "refers to the intent of the parties rather than the actual power of the court." *Id.* (citing *Silva v. Encyclopedia Britannica, Inc.*, 239 F.3d 385, 388 n. 6 (1st Cir.2001)). Consequently, the First Circuit directs dis-

---

**4.** The Court finds Defendant's last argument is without merit. In this respect, Defendants seem to obviate they had disclosed that "Hansen Information Technologies, Inc. [is] now known as Infor Public Sector, Inc." Docket No. 18. Thus, the Court will consider that

Infor Public Sector, Inc. is a party to the 2010 Agreements regardless of the change of corporate name, and as such, is bound by the terms and conditions of the Agreements in the same manner as if it were still known as Hansen Information Technologies, Inc.

trict courts to examine the language of the forum selection clauses in order to decipher the intent of the parties and give effect to the parties' agreement as to where to litigate their disputes, all of this under the reasonability standard of *Bremen* explained earlier.

As described above, the parties in the instant complaint executed a series of agreements—the License Agreement, the Services Agreement, and the Support Agreement—all which govern different aspects of the parties' rights and duties as to the a tax software system developed by Infor–Subsidiary that would be used by Plaintiff. All three agreements included a choice of law clause that provided that the agreements would be governed by and constructed under the laws of Puerto Rico.[5] Nonetheless, only the Support Agreement includes a forum selection clause providing that the parties would "submit themselves to the **exclusive jurisdiction** of the Superior Section, San Juan Part, of the Commonwealth of Puerto Rico [Court] of First Instance **in any and all cases where judicial assistance needs to be obtained to enforce the provisions of this contract, or to obtain relief under its terms.**" (Docket Nos. 21–5 and 22–5, both at page 4) (emphasis ours).

■ The Court starts the *Bremen* reasonability test noting that the selected forum—the Superior Section, San Juan Part, of the Commonwealth of Puerto Rico Court of First Instance—is mandatory. Secondly, the clause encompasses "any and all" actions where judicial assistance is required to enforce the terms of the Support Agreement. Thus, the claims of the instant case are within the scope of the forum selection clause of the Support Agreement.

In determining the reasonability of enforcing the forum selection clause, the Court notes that the parties resisting enforcement of the forum selection clause (i.e., Defendants) have not shown that enforcement of such clause is unreasonable or unjust. Defendants have also failed to allege that inclusion of the clause in the Support Agreement was the product of fraud or overreaching. In support of their removal and opposition to Plaintiff's request to remand, Defendants have relied only on their diversity of citizenship with Plaintiff and the absence of a forum selection clause in the License and Services Agreements.

After examining the grounds for finding a forum selection clause unenforceable, this Court does not find that the clause was the result of fraud; that its enforcement would be unreasonable and unjust to Defendants; or that litigating the instant case in Puerto Rico state courts would be gravely difficult and inconvenient to Defendants. This Court also finds no public policy that would be contravened should the instant case be remanded to Puerto Rico state courts. Because Puerto Rico state courts are capable of addressing the claims of the instant case while safeguarding the rights and interests of Defendants similarly as this Court would, this holding will not deprive the parties of their day in court.

■ Thus, from the plain language of the forum selection clause of the Support Agreement and the Court's analysis of the same, the Court finds that the presumption of validity and enforceability of the forum selection clause was not defied. The forum selection clause of the Support Agreement is deemed enforceable and the

---

**5.** *See* License Agreement at Docket Nos. 21–1 and 22–1, both at page 6; the Services Agreement at Docket Nos. 21–2 and 22–2, page 3; and the Support Agreement at Docket Nos. 21–5 and 22–5, both at page 4.

claims derived from the terms and conditions of the Support Agreement shall be litigated in the forum agreed therein. The same is also true for Plaintiff's claims derived from the License Agreement. Although the choice of law clause of the License Agreement is conflicting with the clause of the Support Agreement as to the forum selection, the terms and conditions of the Support Agreement control pursuant to clause 1 of the Support Agreement. *See* Section I, *supra*. *See* also Docket Nos. 21–5 and 22–5, both at page 4. Thus, the claims derived from the License Agreement shall also be litigated in the forum agreed to in the Support Agreement.

■ As to the claims of the instant case derived from the terms and conditions of the Services Agreement, which does not contain a forum selection clause and was not incorporated by reference to either the Support Agreement or the License Agreement, the Court determines that those claims shall also be litigated in the selected forum. This decision is based on this Court's concern for judicial economy and the belief that Plaintiff's claims under the Support and the License Agreements are intricately related to the claims under the Services Agreement. It is in the best interests of justice and judicial economy to litigate the claims of the Services Agreement in the same forum as the claims derived from the Support and License Agreements to prevent duplicative proceedings and reaching conflicting decisions between this Court and the state court. *See Bayside Enterprises, Inc. v. Mattern's Hatchery, Inc.*, 741 F.Supp. 21, 23 (D.Me. 1990) (holding that cases involving identical parties and a set of facts and legal issues that are inextricably intertwined "should be resolved in one forum in order to avoid a duplication of judicial effort and the danger of inconsistent results."). This

Court's holding upholds the principles of freedom of contract and of judicial economy. *See, e.g., Bremen*, 407 U.S. at 11–12, 92 S.Ct. 1907 (holding that enforcement of forum selection clauses is consistent with concepts of freedom of contract). *See also Marrero v. Aragunde*, 537 F.Supp.2d 305 (D.P.R.2008); *Scotiabank De Puerto Rico v. Residential Partners S.E.*, 350 F.Supp.2d 334 (D.P.R.2004).

## III. CONCLUSION

Based on the above, the Court hereby **GRANTS** Plaintiff's request to remand the instant action to the Superior Section, San Juan Part, of the Commonwealth of Puerto Rico Court of First Instance to continue all of the proceedings of the instant case.

**IT IS SO ORDERED.**